**WESTENRIDER v. UNITED STATES.**

No. 10290.

Circuit Court of Appeals, Ninth Circuit.

March 30, 1943.

William L. Hacker and M. B. Moore, both of Reno, Nev., for appellant.

Thomas O. Craven, U. S. Atty., and Bruce R. Thompson and Wm. J. Kane, Asst. U. S. Attys., all of Reno, Nev., for appellee.

Before HANEY, and HEALY, Circuit Judges, and ST. SURE, District Judge.

HANEY, Circuit Judge.

Reversal is sought of a judgment and sentence rendered after a verdict which found appellant guilty of violating 18 U.S.C.A. § 76 as charged in the first count of an indictment, and which also found him guilty of violating 18 U.S.C.A. § 88, as charged in the second count of an indictment.

Briefly stated, the facts out of which the crimes arose were: Elizabeth E. Lund made a contract with one Noble, by which Noble agreed to do certain remodeling work for Mrs. Lund at an agreed price of $1,000, but of which Noble was to refund to Mrs. Lund $167. Mrs. Lund obtained the contract price by negotiating a Federal Housing Administration loan. About six months later Noble and appellant agreed to see Mrs. Lund and obtain the $167 which Noble had given her pursuant to the contract. Appellant represented himself as a government investigator and inspector investigating alleged violations of the Federal Housing Administration Laws. Because of his representations that Mrs. Lund had violated the law and his threats of immediate trial and punishment, Mrs. Lund gave to Noble a check for $167, which he cashed and divided with appellant.

The first count of the indictment charged appellant with violating 18 U.S.C.A. § 76, which provides in part: "Whoever, with intent to defraud * * * any person, shall falsely assume or pretend to be an officer or employee acting under the authority of the United States * * * and * * * shall in such pretended character demand or obtain from any person * * * any * * * valuable thing, shall be fined * * *."

The second count of the indictment charges Noble and appellant with conspiring to commit the offense described in the first count. Noble pleaded guilty to the second count and testified for the government at appellant's trial.

A county sheriff testified for the government regarding the occupation of appellant for about a year and a half prior to the time when the offense was committed. He testified that appellant did not have a job but for part of the time he was "supposed to have an antique shop". Appellant's objection to that evidence was overruled. Appellant moved for a directed verdict at the close of the government's case in chief and at the close of all the evidence. Both motions were denied. Appellant was found guilty, and appealed from the judgment and sentence.

It is contended that the admission of the testimony of the county sheriff was error. Appellant argues that since it was a sheriff who testified, that fact "would cause the jury to believe that he [appellant] was a man of dissolute character and was under surveillance and suspicion on the part of the authorities". We agree with appellant that the evidence was wholly immaterial to any issue in the case. We do not agree, however, that appellant was in any way prejudiced by the testimony. The evidence was so immaterial that it could not have affected appellant's guilt or innocence in any manner. It had no bearing on whether appellant represented himself to be an officer of the United States, or whether he obtained Mrs. Lund's check by such representation, or

whether he conspired with Noble to do so. We think the admission of the evidence was not reversible error.

■■ Appellant also contends that the motions for a directed verdict should have been granted because the only testimony against him was that of Noble and Mrs. Lund who were accomplices and co-conspirators. Mrs. Lund, however, was neither an accomplice nor a co-conspirator, but was the victim. Furthermore, in the federal courts, a conviction may rest on the uncorroborated testimony of accomplices. Caminetti v. United States, 242 U.S. 470, 495, 37 S.Ct. 192, 61 L.Ed. 442, L.R.A.1917F, 502, Ann.Cas.1917B, 1168; Haas v. United States, 9 Cir., 31 F.2d 13, 14.

Affirmed.