## NEMEC v. UNITED STATES.

### No. 12810.

United States Court of Appeals
Ninth Circuit.

Sept. 5, 1951.

F. E. Nemec, in pro se.

Harvey Erickson, U. S. Atty., Frank R. Freeman, Asst. U. S. Atty., Spokane, Wash, for appellee.

Before HEALY, Circuit Judge, and FEE and SOLOMON, District Judges.

PER CURIAM.

Nemec was indicted, tried and convicted by a jury for defrauding numerous Washington investors by the sale of alleged mining claims in California through false and

fraudulent representations. He was sentenced to a total of four years on counts involving conspiracy, mail fraud and two offenses under the Securities Act of 1933, § 17, 15 U.S.C.A. § 77q. The conviction was affirmed. 9 Cir., 178 F.2d 656. He made a motion in the United States District Court for the Eastern District of Washington, which was the Trial Court, to vacate judgment and sentence, which was denied. He again appeals.

■ He contends that the indictment was insufficient. The failure of the indictment to state crimes was raised before trial by a demurrer, which was overruled. The point was not raised upon appeal, but was necessarily passed upon. The judgment on affirmance became final. Furthermore, each count of the indictment has been re-examined and found to state a crime. The final claim is that the Court did not have jurisdiction of certain counts because the evidence did not show that the letter was posted within the District although posted within the State of Washington. The constitutional objection did not lie, therefore, and the matter could have been waived. The point was not urged upon appeal. The second count was thus objected to. Since this count was drawn under the mail fraud statute,[1] the objection is not good, as that statute permits trial in the District where the letter is received. The fourth count can also be construed as one under the mail fraud statute. After judgment, this is sufficient.

■ The Court had jurisdiction of the indictment and of the person of the defendant. The Judge had the power to impose a sentence of five years upon at least one count of the indictment. A sentence of a total of four years was imposed. There is no question, this sentence would have been valid if no counts were specified, even if one count were absolutely void for lack of jurisdiction. In any event, it is a question of the intention of the Trial Judge. In denying the motion to vacate the sentence, Judge Driver held "that this Court had jurisdiction to impose such sentence and that said sentence was not in excess of the maximum authorized by law." We hold that it is of no consequence what counts the judgment specified, so long as there was conviction on a valid count capable of bearing the sentence imposed.

■ Appellant then claims that it was double jeopardy to permit conviction on two counts upon the same evidence. This point has no substance. The immemorial practice has been to join conspiracy and substantive counts and to sustain convictions of each.

The order is affirmed.