Vaughn Cecil COWELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15715.

United States Court of Appeals Ninth Circuit.

Oct. 6, 1958.

Richard D. Harris, Seattle, Wash., for appellant.

Charles P. Moriarty, U. S. Atty., Jeremiah M. Long, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before HEALY, FEE, and HAMLIN, Circuit Judges.

HEALY, Circuit Judge.

Appellant, a longshoreman, was convicted on a trial by jury of stealing property in Interstate Commerce of a value of less than $100, namely a bottle of Vodka. According to the testimony of one Linden, appellant, while engaged in unloading a vessel, took a bottle of Vodka from one of the cases being unloaded, and brought it to Linden, who according to witnesses attempted to hide it.

On appeal appellant urges two points:

First: The court instructed the jury that evidence of an accomplice " * * * should be considered with caution and weighed with great care * * * the testimony of an accomplice alone, if believed by you, may be of sufficient weight to sustain the verdict of guilty even though not corroborated or supported by other evidence, but I instruct you that before you find a verdict of guilty on the unsupported evidence of an accomplice, you must believe that evidence beyond a reasonable doubt and to a moral certainty. In other words, his testimony alone must establish the guilt beyond a reasonable doubt and to a moral certainty."

Appellant objected to this instruction on the ground that the court should have advised the jury that a verdict can not be based on the uncorroborated statement of an accomplice. For this proposition appellant relies on an observation of the Supreme Court in Holmgren v. United States, 217 U.S. 509, at pages 523–524, 30 S.Ct. 588, at page 592, 54 L.Ed. 861. We quote this observation in footnote [1] below.

In Caminetti v. United States, 242 U. S. 470, at page 495, 37 S.Ct. 192 at page 198, 61 L.Ed. 442, this comment in Holmgren was treated as mere dicta, the Court there observing that "there is no absolute rule of law preventing convictions on the testimony of accomplices if juries believe them."

Consult, also, our recent opinion in Mims v. United States, 9 Cir., 254 F.2d 654.

Second: During the course of the instructions the court made the following observation: "I want to point this out as a matter of comment, that the defendant is the only one here on trial. Neither the United States Attorney nor his deputy nor the Federal Bureau of Investigation is on trial, and you need not determine whether the FBI agents who appeared here did a good job or could have done a better job or did a better job. That is wholly extraneous to any issue in this case because you have no power to hire or discharge or promote any of these FBI agents or any other police officer. You have one duty and one duty alone, and that is to determine whether the defendant was guilty of a crime."

The jurors were thereafter instructed that they were the sole finders of the facts. However, upon objection of appellant's counsel to the observations quoted above, the court said "you will recall that I said the FBI is not on trial and neither is the United States Attorney, and the only fact in question was whether the defendant is or is not guilty. I made that as a part of a comment. You are not bound by that statement *although I think it is a true statement.*" Appellant's counsel here objects to the italicized portion of this sentence, and argues that such a comment precluded a fair trial. This is pure nonsense. The jurors were more than once told that they were the finders of fact, and even if they had not been, the italicized portion of the judge's statement in no way prejudiced appellant.

Affirmed.

---

1. "It is undoubtedly the better practice for courts to caution juries against too much reliance upon the testimony of accomplices, and to require corroborating testimony before giving credence to them. But no such charge was asked to be presented to the jury by any proper request in the case, and the refusal to grant the one asked for was not error."