**Thomas AMBROSE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16767.**

United States Court of Appeals
Ninth Circuit.

June 27, 1960.

Russell E. Parsons, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Timothy M. Thornton, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before CHAMBERS, MATHEWS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On April 15, 1959, in the United States District Court for the Southern District

of California, Central Division, appellant (Thomas Ambrose), Robert Hugh Poole and Junius Ambrose were indicted for violating 21 U.S.C.A. § 174.[1] The indictment was in three counts. We are here concerned only with counts 2 and 3.

Count 2 alleged that on or about December 29, 1958, in Los Angeles County, California, appellant and Poole and Junius Ambrose "knowingly and unlawfully sold and facilitated the sale to Francis Jones of 286 grains of heroin, a narcotic drug, which, as [appellant and Poole and Junius Ambrose] then and there well knew, had been imported into the United States of America contrary to [21 U.S.C.A. § 173]."[2]

Count 3 alleged that on or about December 29, 1958, in Los Angeles County, California, appellant and Poole "knowingly and unlawfully received, concealed, transported and facilitated the concealment and transportation of 286 grains of heroin, a narcotic drug, which, as [appellant and Poole] then and there well knew, had been imported into the United States of America contrary to [21 U.S. C.A. § 173]."

On motion of the Government, the indictment was dismissed as to Junius Ambrose. Appellant and Poole were arraigned, pleaded not guilty and had a jury trial. At the close of the Government's evidence in chief, appellant and Poole moved for judgments of acquittal. Poole's motion was granted. Appellant's motion was denied. Thereafter appellant adduced evidence in his own behalf, and the Government adduced evidence in rebuttal. Appellant was found guilty on counts 2 and 3. A judgment of conviction was entered, sentencing appellant to be imprisoned for five years on each of counts 2 and 3, the sentences to run consecutively. This appeal is from that judgment.

Appellant's brief does not contain a specification of errors[3] denominated as such. It does, however, contain the following statement, which we shall treat as a specification: "The court erred in permitting the Government to offer evidence in rebuttal by way of a motion picture[4] showing the presence of [appellant] with Jones[5] and Rumford, the policeman."[6] No other error or alleged error is mentioned or referred to in appellant's brief.

The specification does not, as required by our Rule 18, 28 U.S.C.A., quote the grounds urged at the trial for the objection, if any, to the evidence mentioned therein, quote the full substance of that evidence and refer to the page where the same may be found. Hence we are

1. Section 174 provides:
"Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * *
"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

2. Section 173 provides that, with inapplicable exceptions, it is unlawful to import or bring any narcotic drug into the United States.

3. See our Rule 18, 28 U.S.C.A.

4. Rebuttal testimony included that of Carl Baker, a photographer, who identified a motion picture made by him on November 25, 1958. The picture was shown to the jury, but was not made a part of the record and is not before us.

5. Meaning, we suppose, Francis Jones.

6. Meaning, we suppose, William B. Rumford, a Government witness, who, from June, 1958, to May, 1959, was an agent of the Federal Bureau of Narcotics, but, at the time of the trial (June 23–24, 1959), was a policeman in Berkeley, California. That appellant was present with Jones and Rumford on November 25, 1958, was shown by evidence other than that mentioned in the specification.

not required to consider the specification.[7] However, we have considered it and find no merit in it.

▪ Appellant's brief states: "This court should establish that an accused cannot be convicted of a crime solely upon the uncorroborated testimony of a purported accomplice."[8] The question thus attempted to be raised is not before us. In this case, there were six Government witnesses—Francis Jones and five others. None of the six was an accomplice of appellant. Appellant's brief says that Jones was an accomplice of appellant, but the record shows he was not. Nor was appellant convicted solely upon Jones' testimony. Jones' testimony was corroborated.

▪ Except as indicated above, the sufficiency of the evidence to sustain appellant's conviction is not here challenged. The record discloses no basis for such a challenge. The evidence was amply sufficient.

The judgment is affirmed.

Appellant was admitted to bail pending appeal. The bail then fixed indicates some apprehension by the court as to whether appellant would respond to further orders of the court, and that was before affirmance on appeal. Therefore, a serious question arises as to whether existing bail is now adequate. The order admitting appellant to bail is revoked. This is without prejudice to a new application being made in the district court for bail in the light of changed circumstances.[9]

7. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Mosca v. United States, 9 Cir., 174 F.2d 448; Du Verney v. United States, 9 Cir., 181 F.2d 853; Lii v. United States, 9 Cir., 198 F.2d 109; Cly v. United States, 9 Cir., 201 F.2d 806; Gordon v. United States, 9 Cir., 202 F. 2d 596; Lee v. United States, 9 Cir., 238 F.2d 341; Elkins v. United States, 9 Cir., 266 F.2d 588; Naval v. United States, 9 Cir., 278 F.2d 611.

8. Thus, in effect, we are asked to overrule Hass v. United States, 9 Cir., 31 F.

2d 13; Westenrider v. United States, 9 Cir., 134 F.2d 772; Todorow v. United States, 9 Cir., 173 F.2d 439; Catrino v. United States, 9 Cir., 176 F.2d 884; Doherty v. United States, 9 Cir., 230 F.2d 605; Cowell v. United States, 9 Cir., 259 F.2d 660; and Audett v. United States, 9 Cir., 265 F.2d 837. This we decline to do.

9. Cf. Marchese v. United States, 9 Cir., 264 F.2d 892.