John Robert **CLAYPOLE** and Duane Robert Larson, Appellants,

v.

**UNITED STATES** of America, Appellee.

No. 16651.

United States Court of Appeals Ninth Circuit.

June 27, 1960.

2d 13; Westenrider v. United States, 9 Cir., 134 F.2d 772; Todorow v. United States, 9 Cir., 173 F.2d 439; Catrino v. United States, 9 Cir., 176 F.2d 884; Doherty v. United States, 9 Cir., 230 F.2d 605; Cowell v. United States, 9 Cir., 259 F.2d 660; and Audett v. United States, 9 Cir., 265 F.2d 837. This we decline to do.

9. Cf. Marchese v. United States, 9 Cir., 264 F.2d 892.

Russell E. Parsons, Harry E. Weiss, Los Angeles, Cal., for appellants.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Thomas R. Sheridan, Los Angeles, Cal., for appellee.

Before CHAMBERS, MATHEWS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On March 4, 1959, John Robert Claypole, Robert Lawrence Shapiro, Duane Robert Larson and others were indicted in the United States District Court for the Southern District of California, Central Division. The indictment was in six counts. We are here concerned only with counts 3, 4 and 6.

Count 3 alleged, in substance, that on or about November 24, 1958, in Los Angeles County, California, Claypole transferred to John A. Gjertsen and Michael Gullon 6 pounds and 4 ounces of marihuana not in pursuance of a written order of Gjertsen and Gullon on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. Count 4 alleged, in substance, that on or about November 25, 1958, in Los Angeles County, California, Claypole and Shapiro transferred to Gjertsen and Gullon 11 pounds and 6 ounces of marihuana not in pursuance of a written order of Gjertsen and Gullon on a form issued in blank for that purpose by the Secretary of the Treasury or his delegate. Thus each of counts 3 and .4 charged a violation of 26 U.S.C.A. § 4742(a).[1]

---

1. Section 4742(a) provides: "It shall be unlawful for any person * * * to transfer marihuana, except in pursuance of a written order of the person to whom such marihuana is transferred, on a form to be issued in blank for that purpose by the Secretary or his delegate." As here used, the term "Secretary" means the Secretary of the Treasury. See 26 U.S.C.A. § 7701(a) (11). Penalties for

Count 6 alleged, in substance, that on or about December 9, 1958, in Los Angeles County, California, Larson, with intent to defraud the United States, knowingly concealed and facilitated the concealment of 17 ounces of marihuana, knowing the same to have been imported and brought into the United States contrary to law: Thus count 6 charged a violation of 21 U.S.C.A. § 176a.[2]

Claypole, Shapiro and Larson were arraigned, pleaded not guilty and had a jury trial. Shapiro moved for and obtained a judgment of acquittal on count 4. Claypole was found guilty on counts 3 and 4. Larson was found guilty on count 6. Judgments of conviction were entered, sentencing Claypole to be imprisoned 15 years on each of counts 3 and 4, his sentences to run concurrently, and sentencing Larson to be imprisoned five years on count 6. Claypole and Larson have appealed.

The brief of appellants (Claypole and Larson) does not contain a specification of errors[3] denominated as such. It does, however, contain two statements which we shall treat as specifications— (1) that the court erred in instructing the jury that "the law provides that if there is proof that a person shall have had in his possession marihuana, such proof is sufficient evidence to authorize conviction unless such possession is explained to the satisfaction of the jury,"[4] and (2) that the court erred in failing to instruct the jury that "the testimony of an accomplice should be considered with caution."[5]

No other error or alleged error is mentioned or referred to in appellants' brief.

██ As indicated above, the specifications relate to (1) a portion of the court's charge to the jury and (2) an omission from the charge. Appellants did not, nor did either of them, object to any portion of the charge or omission therefrom before the jury retired to consider its verdict.[6] Hence we are not required to consider the specifications.[7] However, we have considered them and find no merit in them.

violations of § 4742(a) are provided in 26 U.S.C.A. § 7237(b). See also 26 U. S.C.A. § 7491.

2. Section 176a provides:
"Notwithstanding any other provision of law, whoever, knowingly, with intent to defraud the United States, imports or brings into the United States marihuana contrary to law, or * * * conceals * * * or in any manner facilitates the * * * concealment * * * of such marihuana after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, * * * shall be imprisoned not less than five nor more than twenty years and, in addition, may be fined not more than $20,000. * *
"Whenever on trial for a violation of this subsection, the defendant is shown to have or to have had the marihuana in his possession, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains his possession to the satisfaction of the jury."

3. See our Rule 18, 28 U.S.C.A.

4. See the second paragraph of 21 U.S.C. A. § 176a. The instruction mentioned in specification (1) referred to count 6 only. No such instruction was given as to counts 3 and 4.

5. The court was not requested to give the instruction mentioned in specification (2).

6. See Rule 30 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

7. Ziegler v. United States, 9 Cir., 174 F. 2d 439; Brown v. United States, 9 Cir., 201 F.2d 767; Kobey v. United States, 9 Cir., 208 F.2d 583; Benatar v. United States, 9 Cir., 209 F.2d 734; Mitchell v. United States, 9 Cir., 213 F.2d 951; Brown v. United States, 9 Cir., 222 F.2d 293; Gresham v. United States, 9 Cir., 232 F.2d 927; Herzog v. United States, 9 Cir., 235 F.2d 664; Bryson v. United States, 9 Cir., 238 F.2d 657; Mims v. United States, 9 Cir., 254 F.2d 654; Pool v. United States, 9 Cir., 260 F.2d 57; Stapleton v. United States, 9 Cir., 260 F.2d 415, 17 Alaska 713; Davenport v. United States, 9 Cir., 260 F.2d 591; Harris v. United States, 9 Cir., 261 F.2d 897; Straight v. United States, 9 Cir., 263 F.2d 811.

■ Appellants contend that 21 U.S. C.A. § 176a, which appellant Larson was convicted of violating, is unconstitutional.[8] There is no merit in this contention.[9]

■ Appellants' brief states: "This court should establish that an accused cannot be convicted solely upon the uncorroborated testimony of an accomplice."[10] The question thus attempted to be raised is not before us. In this case, there were nine Government witnesses. None of the nine was an accomplice of Larson. One of the nine—Salvatore Greco—was an accomplice of Claypole, but not of Larson. Greco testified against Claypole, but not against Larson. Nor was Claypole convicted solely upon Greco's testimony. Greco's testimony was corroborated. No other accomplice of Claypole testified against him.

Except as indicated above, the sufficiency of the evidence to sustain appellants' conviction is not here challenged. The record discloses no basis for such a challenge. The evidence was amply sufficient.

The judgments are affirmed.

Appellants were admitted to bail pending appeal. In view of the affirmance, we now regard the bail then fixed as inadequate. Therefore, the orders admitting to bail are revoked. This is without prejudice to new applications being made in the district court for bail in the light of changed circumstances.[11]

8. Appellant Claypole was not convicted of violating 21 U.S.C.A. § 176a. He therefore has no standing to challenge its constitutionality.

9. Caudillo v. United States, 9 Cir., 253 F.2d 513; Butler v. United States, 9 Cir., 273 F.2d 436.

10. Thus, in effect, we are asked to overrule Hass v. United States, 9 Cir., 31 F.2d 13; Westenrider v. United States, 9 Cir., 134 F.2d 772; Todorow v. United States, 9 Cir., 173 F.2d 439; Catrino v. United States, 9 Cir., 176 F.2d 884; Doherty v. United States, 9 Cir., 230 F.2d 605; Cowell v. United States, 9 Cir., 259 F.2d 660; and Audett v. United States, 9 Cir., 265 F.2d 837. This we decline to do.

11. Cf. Marchese v. United States, 9 Cir., 264 F.2d 892; Ambrose v. United States, 9 Cir., 280 F.2d 766.