**Anthony MARCELLA, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16910.**

United States Court of Appeals
Ninth Circuit.

Dec. 5, 1960.

Rehearing Denied Feb. 3, 1961.

Russell E. Parsons, Edward I. Gritz, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Robert J. Jensen, Norman W. Neukom, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before STEPHENS, BARNES and JERTBERG, Circuit Judges.

BARNES, Circuit Judge.

Appellant was named defendant in five counts of a six count indictment, charging in two counts that he sold, in two that he concealed and transported, and in one (count six), that he conspired with the co-defendants Mathew A. and Marie Rose Santino, and the unindicted Quentin "Duke" Browning, to acquire, transport, and arrange the sales of narcotic drugs. All counts were alleged to be violations of 21 U.S.C.A. § 174. Defendant was convicted on all five counts by a jury verdict, and sentenced to two consecutive twenty year terms. Timely appeal was taken here. 28 U.S.C. § 1291.

Appellant urges: (1) the insufficiency of the evidence, particularly as to count two; (2) that the indictment fails to set forth acts or omissions with sufficient clarity to constitute a public offense, or to enable appellant to defend; and (3) that the conviction based on the uncorroborated testimony of accomplices is improper; and (4) particularly so where one coconspirator is not indicted and two others are indicted but dismissed after a plea of guilty; that this constitutes unequal enforcement of the law and a denial of due process.

■ We are first asked to rule that a conviction based on the uncorroborated testimony of an accomplice cannot stand. As this court stated as recently as June 27, 1960, when the same argument was made:

"Thus, in effect, we are asked to overrule Hass v. United States, 9 Cir., 31 F.2d 13; Westenrider v. United States, 9 Cir., 134 F.2d 772; Todorow v. United States, 9 Cir., 173 F.2d 439; Catrino v. United States, 9 Cir., 176 F.2d 884; Doherty v. United States, 9 Cir., 230 F.2d 605; Cowell v. United States, 9 Cir., 259

F.2d 660; and Audett v. United States, 9 Cir., 265 F.2d 837. This we decline to do." Claypole v. United States, 9 Cir., 1960, 280 F.2d 768, 771, note 10.

Cf. also: Ambrose v. United States, 9 Cir., 1960, 280 F.2d 766, 768, note 8.

As we said then, and say again—"This we decline to do." Audett v. United States, 9 Cir., 1959, 265 F.2d 837.

■ We note that proper precautionary instructions were carefully given by the trial judge. As we said in the Claypole and Ambrose cases, supra, "The question thus attempted to be raised is not before us." As the trial court observed, defendant Marcella's own testimony corroborates the testimony of his accomplices. He admitted taking the two trips to Chicago (one via San Francisco) on the dates in question with one of the alleged conspirators. Chicago was where the large amounts of heroin involved herein were procured. Another trip to San Francisco was admitted. It is true appellant testified to a more or less innocent purpose for such trip, but the fact they were made was admitted. The meetings with the coconspirators in Los Angeles County were admitted, including the incident where the appellant admittedly pulled a gun on Duke Browning. Again, appellant urges that a different (and innocent) purpose was involved in each of these incidents. The other conspirators say not.

■ The truth as to each such incident was for the trier of fact to determine. The determination was made adversely to the appellant, and we, looking at the evidence most favorably from the government's viewpoint as we must on an appeal such as this, can only determine if there was sufficient evidence to go to the jury on the factual dispute. We hold there clearly was. And the jury's decision on the factual question is binding on us.

In the attack on count two (chosen by appellant because that is the count to which the co-defendants pleaded guilty), counsel suggest that:

"The only evidence is that Marie Rose Santino had some narcotics in her possession, that she sold it for a consideration to Quentin [Duke] Browning. It was she who had it, and she pled guilty to the charge."

■ We cannot agree that this is the only evidence. We have commented above on the appellant's conduct which could be viewed as corroborative of the testimony of Marie Rose Santino. We point out also, merely by way of an example, that there *was* testimony appellant Marcella had possession of the narcotics, that "he gave me [Marie Rose Santino] the package [of narcotics] to bring to Mr. Browning." We find no merit on the question of insufficiency of the evidence on any count.

■ As to appellant's position that "equal enforcement of the law required that they all be treated equally," that is simply not sound legally. All murderers do not die, nor is every speeder arrested, or if fined, fined a similar amount. Disparity of sentences is the subject of much discussion these days, but no one has suggested that the discretion of the trial judge as to the sentences to be given in all cases should be eliminated.

Appellant urges that he was "in the same class" as both the unindicted conspirators and the two indicted and convicted conspirators. As a law violator, that statement is true—all violated the law. But that does not mean there is no discretion in a prosecutor as to whom he will charge; whom he will indict; whom he will permit to turn state's evidence; to whom, if any, he will grant immunity. The traitor or "turncoat," or "squealer," or "stool pigeon" is universally disliked; it is regrettable that the use of such aids to law enforcement are required, yet for some reason it is seldom the noble and respectable citizen who has had a sufficient contact with the traffic in narcotics to enable him to bring his good character to the witness stand—there to testify and describe the transactions charged. Yick Wo v. Hopkins, 1885, 118 U.S. 356, 6 S. Ct. 1064, 30 L.Ed. 220, relied upon by ap-

pellant has no applicability to the present facts.

■ We likewise find no merit in the contention that there was no charge that the appellant knew the narcotics had been brought into the United States contrary to law. That knowledge, particularly with respect to opium derivatives, can be inferred, and is, unless the defendant explains his possession. Rodella v. United States, 9 Cir., 1960, 286 F.2d 306; Green v. United States, 9 Cir., 1960, 282 F.2d 388.

Affirmed.