Alfred Earl TOLES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 17682.

United States Court of Appeals Ninth Circuit.

Oct. 9, 1962.

Rehearing Denied Nov. 13, 1962.

Morris Lavine, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, Edward M. Medvene, Asst. U. S. Atty., and Jo Ann Dunne, Atty., Los Angeles, Cal., for appellee.

Before CHAMBERS, Chief Judge, JERTBERG, Circuit Judge, and EAST, District Judge.

EAST, District Judge.

## INDICTMENT AND JUDGMENT OF CONVICTIONS

In December, 1960, Alfred Earl Toles, John Preston Goldsmith, Herbert Lee Tate, Charles Shelton Bruce and John Henry Rainey were jointly indicted and charged in Count I with conspiracy[1] to rob a national bank in Los Angeles and in Count II with robbery of the national bank with use of dangerous weapons.[2]

On January 9, 1961, Goldsmith entered a plea of not guilty to Count I and a plea of guilty to Count II, and on the following March 28 Bruce, Rainey and Toles proceeded to jury trial. Goldsmith testified as a Government witness. On April 3, 1961, the jury returned verdicts finding Bruce, Rainey and Toles guilty as charged in each count, and a further finding that at the time of the commission of the offense alleged in Count II Bruce, Rainey and Toles did place in jeopardy the life of a named person by use of dangerous weapons.

Toles appeals[3] from the judgment of convictions entered on May 15, 1961, whereby he was

1) Adjudged guilty of the conspiracy offense charged in Count I and sentenced thereon to imprisonment for a period of five years, and

2) Adjudged guilty of the bank robbery offense charged in Count II and sentenced thereon to imprisonment for a period of 25 years,

1. Title 18 U.S.C.A. § 371.

2. Title 18 U.S.C.A. § 2113.
   "(a) Bank Robbery (Imprisonment not more than 20 years) * * *
   "(d) Whoever, in committing, or in attempting to commit, any offense defined in subsection (a) * * * of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined * * * or imprisoned not more than 25 years * * *."

3. These proceedings are in forma pauperis, with notice of appeal filed pro per 5/15/61. Title 28 U.S.C.A. § 1915. This Court has jurisdiction. Title 28 U.S.C.A. § 1291. Mr. Morris Lavine, attorney at law, Los Angeles, California, acted as court appointed counsel for appellant pursuant to order of District Judge Ernest A. Tolin, trial judge. This Court thanks Mr. Lavine for his services on this appeal.

the two sentences to run consecutively, for a total of 30 years.

## STATEMENT OF CASE

It appears from the evidence and primarily the testimony of Goldsmith, that:

During a meeting at Toles' home on November 25, 1960, he (Toles), Bruce, Rainey and Tate agreed to commit an armed bank robbery;

Toles drove to the Bank of America, 48th and Vermont Branch, Los Angeles, California, and studied the physical surroundings of the bank;

Toles then rejoined Goldsmith, Bruce, Rainey and Tate at the location of Toles' home and explained to them the manner in which the bank would be robbed and the particular duty of each in the course of the robbery;

Toles gave Goldsmith a shotgun and also gave Bruce a pistol and Rainey used his own gun, which was a .45 automatic pistol.

On November 25, 1960, in the manner planned by Toles, the Bank of America at 48th Street and Vermont Avenue, Los Angeles, California, was robbed of the sum of $3,567.95;

Goldsmith, armed with a shotgun, stood on a counter and "covered" the customers and employees;

Bruce, armed with a .32 snub nose revolver, and Rainey armed with a .45 automatic pistol, jumped over the counter, and while Bruce "covered" the tellers, Rainey took the money from the cash drawers;

Thereafter, Toles, Goldsmith, Bruce and Rainey met to divide the money taken in the robbery; after some argument Toles was given from $400 to $600 from the money taken in the robbery, and for driving the "getaway" car, Tate received $250 from Toles' share of the proceeds of the robbery.

## SPECIFICATION OF ERRORS AND CONCLUSIONS

We deal with the specification of errors in the order in which they are numbered and for the following reasons will affirm.

### I.

"The evidence is insufficient to justify the verdicts; there is plain error on the face of the record."

Toles urges that the case against him on each count depends solely on the testimony of his codefendant Goldsmith and therefore must fail. The position is without merit, as the testimony of an accomplice, even if uncorroborated, if believed by a jury,[4] is sufficient to support a conviction. Marcella v. United States, 285 F.2d 322, 323–324 (9th Cir.1960). In this connection, Toles suggests that the prospect of Goldsmith's receiving a lighter sentence than he (Toles) would if convicted (Goldsmith had not been sentenced at the time of trial and ultimately received a five year lighter sentence than Toles) was so great an inducement to give false testimony that Goldsmith's testimony must be entirely disbelieved and disregarded. Suffice, it appears that the testimony of Goldsmith, an admitted accomplice, was submitted to the jury for its consideration under appropriate instructions by the District Judge. This Court cannot engage in a rehash of the evidence.

4. The District Judge instructed the jury, inter alia, that:

"An accomplice, if his testimony be the only testimony in this case, provides sufficient to convict, if the jury is satisfied by that testimony and it develops the evidentiary points which are necessary to sustain a conviction."

And further that:

"The federal rule on accomplice is that the testimony of an accomplice is to be viewed with great caution because of that status which he has as an accomplice.

"Now, an accomplice is simply one who is in complicity with another in a criminal enterprise, and such people when caught are sometimes inclined to shift the burden, shift the responsibility to try and talk their way out of it, and in order to talk their way out of it they must put the blame on somebody else."

Sandez v. United States, 239 F.2d 239, 243 (9th Cir.1956).

With reference to the substantive charge of bank robbery, Toles urges that there is no evidence whatsoever and it is not contended that he (personally) [5] entered the bank or used force, violence or intimidation to take any money or property from the bank. It is a fair consideration from all of the evidence on behalf of the Government to place Toles as the "master mind" behind the two crimes.

"Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is a principal." Title 18 U.S.C.A. § 2 (a). Cossack v. United States, 82 F. 2d 214 (9th Cir.1936).

█ Also, under this specification Toles lays the premise that the conviction of the conspiracy count placed him in jeopardy of the substantive offense of armed bank robbery, and in support therefor urges that since the conspiracy verdict was read before the substantive charge verdict on Count II, his plea of jeopardy is substantiated. This premise is untenable. True, the theme of the two counts relates to phases of the same unlawful production, but nonetheless two separate and distinct offenses were thereby produced by Toles. United States v. Kramer, 289 F.2d 909, 913 (2nd Cir. 1961), and United States Supreme Court decisions cited therein; Nemec v. United States, 191 F.2d 810 (9th Cir.1951).

### II.

"Evidence relating to a plan to rob a market was improperly admitted in evidence."

█ It appears that this complained-of evidence consisted of Goldsmith's testimony to the effect that originally Toles and the others had planned to rob a market on November 25, 1960; for the purpose of effectuating the market robbery, Toles had given a shotgun to Goldsmith and a .32 pistol to Bruce; these weapons were later used in the

bank robbery; when the robbery of the market didn't materialize, the group meeting at Toles' house on Burnside Avenue occurred, and it was then that Toles and the others changed their original plan to rob the market and agreed to rob the Bank of America, 48th and Vermont Branch. This testimony was admissible. First, it tended to show the intent and purpose of Toles and the others to engage in a general scheme or plan of armed robbery. Secondly, it tended to show, as charged in Count I, that Toles and the others were associated in the commission of an armed robbery. Therefore, proof of their prior association within reasonable time and area is competent. Cossack v. United States, supra; Schwartz v. United States, 160 F. 2d 718 (9th Cir.1947).

### III.

█ "The prosecutor was guilty of prejudicial misconduct in the trial of the case."

This specification is predicated upon two statements of the Government's counsel during the oral argument to the jury:

1) "These are vicious people. Sitting in here now they aren't as they looked on the 25th day of November or as they acted * * *"
and

2) "Let me just wind up with some interesting testimony regarding Toles, an interesting conversation between Toles and Tate in the jail, which was overheard * * *"

It must be borne in mind that a prosecutor is an advocate and entitled to a fair verbal analysis and description of the facts in earnest, though forensic attempt to persuade a jury. If "these people" were the persons who conducted the armed bank robbery, as urged by the Government's counsel, they were indeed "vicious people," and were not prejudiced by being so referred to.

An advocate is also entitled to an occasional slip of the tongue, which is here

---

**5.** Parenthetical words added to point up Toles' contention.

manifested by a reading of the language complained of. The use of the words "interesting testimony," when referring to an outside conversation, is innocuous when withdrawn and substituted by the words "an interesting conversation." The specification is without merit.

## IV.

■ "Section 2113(a) (d) of Title 18 U.S. Codes is unconstitutional in that it invades powers exclusively reserved to the states by the Constitution of the United States. (Tenth Amendment, U. S. Constitution.)"

Toles urges that "Congress did not have the Constitutional authority to make a federal crime out of robbery of a bank merely because money in that bank happened to be insured by the Federal Deposit Insurance Agency. The police powers have always been considered a matter of state concern exclusively." Citing Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495, as to the proper delegation of Constitutional judicial powers.

This contention has already been answered adversely to Toles. As Mr. Justice Holmes in Westfall v. United States, 274 U.S. 256, 47 S.Ct. 629, 71 L.Ed. 1036 (1927) wrote:

"Of course an act may be criminal under the laws of both jurisdictions. (Citation). And if a state bank chooses to come into the System created by the United States, the United States may punish acts injurious to the System, although done to a corporation that the State is also entitled to protect. The general proposition is too plain to need more than statement." Mosco v. United States, 301 F.2d 180, 185 (9th Cir. 1962).

## V.

■ "The Court erred in its rulings in the trial of the case and in denying a motion for a mistrial."

1) Toles complains of the allowance in evidence during the Government's rebuttal stage of the trial of testimony in contradiction of the defendant's alibi.

We have read the transcript of the testimony and the Court's rulings. This complaint has no merit. Rodella v. United States, 286 F.2d 306, 309 (9th Cir. 1960).

2) Toles claims error in allowing the jurors to take notes during the trial.

■ At a stage of the proceedings, the late very able and individualistic Judge Tolin spoke to the jurors:

"I have noted that some of the jurors appear to be making notes. It is perfectly proper for a juror to make notes, but bear in mind they are your notes. They are not a transcript of the case. You can't for instance, pull them on the other jurors and say, 'See, I got a note of this.' * * *.

"Some of the judges do not allow notetaking at all and others feel that the notes are taken simply as an aid to memory and that the jury understands they are to recall the testimony and use the notes only as an aid to memory, and any juror who takes notes will use those notes only for that juror's assistance in that regard and not as an authoritative thing to show to other jurors. I belong to the latter number of judges, so go ahead and take all the notes you want."

Judge Tolin has good company in his school of "the latter number of judges," and it is obvious from the record that he had the feel of the case and the jury. In granting the "notetaking" license to the jury he did not abuse his sound discretion. Harris v. United States, 261 F. 2d 792 (9th Cir.1958).[6]

Toles' judgment of convictions is affirmed.

6. In this case Judge Tolin rightfully conducted an interesting "jury view."