Wardell BOWIE, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18223.

United States Court of Appeals Ninth Circuit.

May 27, 1963.

---

694

Thomas H. Gee, San Francisco, Cal., for appellant.

Cecil F. Poole, U. S. Atty., and James J. Brosnahan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before CHAMBERS, Circuit Judge, MADDEN, Court of Claims Judge, and DUNIWAY, Circuit Judge.

CHAMBERS, Circuit Judge.

Bowie stands convicted of a sale of heroin on or about February 9, 1960, and of a concealment of marijuana on or about February 13, 1960, both offenses happening in Oakland, California, all charged in violation of the federal narcotics laws. He was acquitted on a count charging transportation of heroin.

The case was judge-tried, a jury having been waived. Five year concurrent sentences were imposed on the two guilty counts. On both counts defendant challenges the sufficiency of the evidence. On the concealment count there is an additional specification asserting an illegal search and seizure.

We deem the evidence on the sale count adequate. Just as defendant says, the two principal witnesses, a common-law husband and wife, told stories on the stand that did not jibe. But here a trial judge of long experience heard the witnesses. Each witness told of a sale with varying details. The trial judge, aware of all of the cautions to be observed in weighing the testimony of an informer, of one addicted to narcotics, and of one hoping for favorable treatment on one's own troubles with the law, was convinced that the common-law wife told the truth. After reviewing a record of 188 pages, we, located one floor above the district judge and not seeing the witnesses, are asked to declare that the witnesses were unworthy of belief—to find the evidence was insufficient.

■■ Some states may have rules requiring corroboration in cases of the type of Bowie's, but in federal cases of this type one witness believed may sustain the burden of proof. And, this is so even though the witness be an informer or an accomplice. Marcella v. United States, 9 Cir., 285 F.2d 322. All is not lost by reason of bad contradiction by another government witness. Of course, the trial judge could not have believed in entirety both members of the common-law marital team. But, it would be possible to believe, as the trial court did, the common-law wife and be satisfied with the testimony of the husband that a sale was made to one of them about the date charged without believing much else the husband said. Appointed counsel makes an excellent argument, but we simply cannot agree with it.

■ The third count with its concurrent sentence, under Sinclair's case, Sinclair v. United States, 279 U.S. 263, 49 S.Ct. 268, 73 L.Ed. 692, we are not obligated to examine inasmuch as we find the first or sale count free from defect. This may be assumed to be a rule of convenience which enables a court to get its work done.

But here we have an unusual situation. The government either expressly or tacitly admits that by itself the third count cannot stand. Apparently this concession is made upon the basis of decisions of the Supreme Court and of this court on illegal searches, which decisions

were made after the trial in the district court.

If such a circumstance be patent, it is our judgment that the government should not resist appellant's insistence on cleaning his slate on count three. However, in such a case, rather than accept the government's concession here, we believe it best to refer the matter back to the district court to consider it in the light of intervening developments. This conclusion should be confined to the facts here or similar facts. It should not be taken as a commitment of the court to review all counts willy-nilly whereon concurrent sentences have been imposed.

The judgment is affirmed as to the first count. It is remanded to the trial court with authorization to receive and consider any appropriate motion of either party seeking to dispose of count three.