John SABARI, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19081.

United States Court of Appeals Ninth Circuit.

May 21, 1964.

Motions and Petition for Rehearing Denied July 9, 1964

Neil Galatz, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Robert S. Linnell, Asst. U. S. Atty., and Earl W. Johnson, Jr., Special Asst. U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES, Circuit Judge, MADDEN, Judge, U. S. Court of Claims, and BROWNING, Circuit Judge.

BARNES, Circuit Judge:

Appellant, appealing in forma pauperis, with counsel appointed on his behalf, raises two questions—(1) Was there sufficient evidence to support the jury's verdict of conviction; and (2) was the trial judge inconsistent in dismissing the cause of action as to the codefendant Saiz (whom the jury had failed to convict), and not dismissing after the jury's verdict of guilty the cause of action against Sabari?

Sabari was convicted on Count III, charging him with conspiring to transport in interstate commerce falsely made and forged securities, namely checks, allegedly violating 18 U.S.C. § 371 and 18 U.S.C. § 2314. Jurisdiction here rests on 28 U.S.C. §§ 1291 and 1294.

We find no merit in either contention.

■■ We fully agree with appellant and the cases he cites that the record must show substantial evidence in support of a jury's verdict of conviction, if it is to stand upon appeal. An examination of the record shows an abundance of substantial evidence supporting Sabari's participation in the scheme to forge and cash stolen checks. The testimony of Delgado, Deetken and Mrs. Deetken all tie defendant Sabari actively into the conspiracy. Delgado, the acknowledged leader, testified Sabari even participated as a look-out in Phoenix, Arizona, when the Phoenix Plumbing Company offices were robbed. It is true the evidence against Sabari rests on the testimony of

accomplices, but that is no deterrent in the Federal courts to relying on their testimony.

■ The law is clear in this circuit that the uncorroborated testimony of an accomplice, if believed by the jury, is sufficient to support a jury verdict. Bible v. United States, 1963, 9 Cir., 314 F.2d 106, 108, cert. den. 375 U.S. 862, 84 S.Ct. 131, 11 L.Ed.2d 89; Toles v. United States, 1962, 9 Cir., 308 F.2d 590, 592, cert. den. 375 U.S. 836, 94 S.Ct. 79, 11 L.Ed.2d 66, reh. den. 375 U.S. 949, 84 S.Ct. 353, 11 L.Ed.2d 280; Marcella v. United States, 1961, 285 F.2d 322, 323–324, cert. den. 366 U.S. 911, 81 S.Ct. 1085, 6 L.Ed.2d 235; Claypole v. United States, 1960, 9 Cir., 280 F.2d 768, 771, n. 10; Ambrose v. United States, 1960, 9 Cir., 280 F.2d 766, 768, n. 8, and cases there cited.

■ Of course any defendant is entitled to a cautionary instruction on such evidence (Bible and Toles, supra).

The instructions given the jury are not before us. Counsel for each defendant stipulated the reporter was not required to report the instructions (Tr. p. 457). All instructions given were approved by counsel for both defendants. (Tr. p. 364). While we cannot know what instructions were given, we note counsel for one defendant refers to the court having "set out in numerous instructions the yardstick in determining and weighing the credibility of witnesses." (Tr. p. 361.)

Appellant objected to the court's refusal to give Defendant's Instructions A through E, but again, they were not brought up on appeal, and we cannot know what they are.

■ We can only assume, on the record before us, there being no point made by appellant's counsel that the jury was not properly cautioned, that the trial judge followed the law and gave the required instructions.

■ Sabari also urges that his alleged accomplices (other than Saiz) were admittedly continually intoxicated during this period the checks were issued and passed. This was admittedly true, but that admission does not eliminate the testimony, nor render it inadmissible. There was testimony Sabari was intoxicated, but that does not absolve him. Co-defendants Delgado, Deetken, Mrs. Deetken, and alleged check passers Dounes and Kessler had all entered pleas of guilty, and were granted probation. The jury knew this, and were entitled to give their testimony the value the jury thought it merited.

Admittedly Sabari was not present at *all* meetings of the conspirators. It was unnecessary for him so to be. There was testimony he was present at some of the meetings; acted as a lookout while the checks were originally stolen; kept possession of the check protector used; saw the checks being filled in by Mrs. Deetken; accompanied certain of the check passers when they passed checks; and was to share in twenty per cent of the proceeds of the forged checks.

■ ■ There is not the slightest basis for a reversal by this court of the jury's verdict below. Glasser v. United States, 1942, 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680; Hernandez v. United States, 9 Cir. 1962, 300 F.2d 114. We need not here repeat all the evidence received, but state that the common scheme was established by abundant evidence. Slight evidence is all that is needed to connect a defendant with it. Nye & Nissen v. United States, 9 Cir. 1948, 168 F.2d 846, 852, affirmed 336 U.S. 613, 69 S.Ct. 766, 93 L.Ed. 919. One participating in a criminal conspiracy is no less liable because his part is minor and subordinate. Mendelson v. United States, 1932, 61 App.D.C. 127, 58 F.2d 532, 535.

■ Appellant urges as his second point the inconsistency of the jury in failing to convict Abedon Saiz, an alleged co-conspirator. The court dismissed as to him. We find no irreconcilable inconsistency, but even if inconsistent, that alone is insufficient to require a reversal. Magnolia Motor & Logging Co. v. United States, 9 Cir. 1959, 264 F.2d 950, 953,

and cases there cited at notes 11 and 12, cert. den. 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 61.

Both testified before the jury in person. Both claimed innocence. Saiz was a poorly educated twenty-nine year old, who had gone through the fourth grade; who had no previous criminal record; who had three small minor children, supported himself cutting lawns and doing odd jobs. Appellant is fifty-six years of age, a high school graduate, has two adult sons, and has been convicted of a felony four times prior to the conviction he here appeals (Tr. p. 280). He was serving time for a felony conviction when he testified in the district court. Undoubtedly one or more of these facts influenced one or more of the jury.

But whether we can divine what influenced the jury or not, we know they convicted Sabari and did not convict Saiz. Our only concern on this appeal is whether there was substantial credible evidence to convict. We are not authorized to substitute our judgment for that of the jury. Carr v. United States, 9 Cir. 1963, 317 F.2d 409 at 411.

The case was carefully and properly tried, by an experienced judge. We find no error, and affirm.

### On Petition For Rehearing

Petitioner and appellant (1) filed his petition for rehearing, and also (2) moved "for the production of the Court Reporter's Complete Record of June 22, 1963"; (3) moved "for appointment of counsel to submit briefs on the illegality of the Re-Instructions to the jury on June 22, 1963."

The portion of the Court Reporter's Transcript relating to the June 22nd, 1963 instructions appears in the Reporter's Transcript, pages 471 through 478. The objections made by Mr. Claiborne, counsel for codefendant Saiz, and joined in by Mr. Galatz, counsel for petitioner, appear in the same Transcript, pages 479 to 486, inclusive.

These instructions and the questions raised concerning them in the trial court were before this court at the time petitioner's appeal was heard. No claim of error as to them was made by petitioner's counsel before this court. Petitioner here labors under the misapprehension that such transcript was not in the record on appeal. He therefore misquotes the instructions given, in his attempt to raise the issue of their illegality.

The instructions given by the judge at 9:30 A.M. on Saturday, June 22, 1963, were given after the case had been originally submitted to the jury on Friday afternoon, June 21, 1963, at 3:00 P.M. (Tr. p. 485) After three hours deliberation, the jury was taken to dinner, came back at 8:00 P.M. and deliberated four more hours, until 12:02 A.M.

The instruction given (Tr. pp. 471 to 475) closely follows Supplemental Instruction 8.19 as suggested by Judge William C. Mathes, appearing in 27 F.R. D. pp. 102–104. At page 104 the authority for the giving of such instruction is set forth at length, and need not here be repeated. Substantially the same instruction was given by Judge Mathes in United States v. Tomoya Kawakita, S.D. Cal.1950, 96 F.Supp. 824, at pp. 855–857. It was approved by this court (1951, 190 F.2d 506, and see particularly note 17, pp. 521–528). The Supreme Court inferentially approved such instructions (343 U.S. 717, 72 S.Ct. 950, 96 L.Ed. 1249). See also our latest views on this subject of alleged coercion of the jury in Strangway v. United States, 9 Cir. 1963, 312 F.2d 283, cert den. 373 U.S. 903, 83 S.Ct. 1291, 10 L.Ed.2d 199.

It is true that the trial judge strayed from substantially identical words of the Kawakita instruction, in two particulars:

(a) "You are not to concern yourselves with the disposition of the cases against the other persons named in the Indictment not on trial here. What happened to them, frankly, is none of your business. You are only concerned with determining the guilt or innocence of

the defendants Saiz and Sabari." (Tr. p. 474)

But the court, after objection, added the following:

"THE COURT: I told you that what happened to the other persons charged in this Indictment is none of your business. That probably should be explained.

"You can consider all of the evidence that was presented here in this Courtroom, including the disposition of the cases against the other defendants other than these cases, I should say the other alleged conspirators other than these defendants, but solely for the purpose of deciding whether or not those former defendants who testified here were telling the truth. In other words, you can consider how the cases against Mr. Delgado, Mr. and Mrs. Deetken were disposed of only when you are determining whether or not Mr. Delgado and Mr. and Mrs. Deetken told the truth. What I am trying to say to you, but apparently didn't make it too clear, as counsel has pointed out, that the fact that they got probation, the fact that you may think Delgado, as Mr. Claiborne does, was a very reprehensible character and should never have received probation, you are not the judge of this. You are not to sit here and say, 'Well, I'm not going to find these people guilty because Delgado got probation', or because Mr. and Mrs. Deetken (sic). Now, as to the disposition of the cases against Kessler and Downs you are in no way concerned. This is definitely not your consideration.

(b) You are not on trial here, the Government's not on trial here, and the F.B.I. aren't. You are only concerned whether these two defendants are guilty or innocent, nothing else. But you can, as I have said, fully consider everything that has come out in this Courtroom pertaining to those three witnesses Delgado, Mr. and Mrs. Deetken as determining their credibility, what weight to be given their evidence." (Tr. pp. 477–478)

He thus cured the first error alleged, but petitioner alleges the court went too far, and the last paragraph ((b), *supra*) was then charged as error.

 We can find no prejudicial error in such a statement (Tr. p. 478, lines 8 to 15), given in the context and under the circumstances which here appear.

The two motions and the petition for rehearing are each denied.