Alex TORRES, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20216.

United States Court of Appeals
Ninth Circuit.

Dec. 8, 1965.

Frank Duncan, Los Angeles, Cal., for appellant.

Manuel L. Real, Asst. U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Crim. Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Crim. Div.; Gabriel A. Gutierrez, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM:

This is an appeal in forma pauperis of a three count indictment involving the possession and sale of heroin. (21 U.S.C. § 174; 26 U.S.C. § 4704(a) and § 7237.) Appellant was convicted on three counts, and sentenced to five years, concurrently, on each. Appellant's codefendant, Garcia, entered a plea of guilty to one count.

Two errors are alleged: *first*, that the appellant's motion for new trial should have been granted because the government's case rested "largely" on the testimony of "an informer-accomplice"; and *second*, that no actual or constructive possession of the heroin was established in the appealing defendant.

■ Garcia was not an "informer," but an accomplice. The testimony of an accomplice does not require corroboration in the federal courts. Marcella v. United States, 285 F.2d 322 (9th Cir. 1960); Channel v. United States, 285 F.2d 217 (9th Cir. 1960).

Garcia's testimony was corroborated by agents Saiz and Briggs. The court specifically refers to Saiz's corroborating testimony (R.T. 149), and his opinion of its worth and validity.

■ On a motion for new trial, particularly of a case tried before the court without a jury, the sound discretion of the trial judge is the only criterion involved. We cannot disturb his doubly reinforced opinion of guilt in an absence of clear proof of abuse of the trial court's discretion. No such abuse here exists.

■ It is impossible to understand appellant's claim that there was no proof of his possession of the heroin. Apparently this is urged because, says appellant's counsel, there was no testimony "by a reliable witness." This is a matter of credence for the trier of fact to determine. The court did find as follows:

"FINDINGS OF FACT

\* \* \* \* \* \*

II

That the defendant, accompanied by Garcia, drove his, the defendant's automobile to a house in Los Angeles, California, where the defendant, after first obtaining money from Garcia to purchase said narcotics, procured approximately 3.47 grams of heroin, a narcotic drug, contained in eight colored rubber balloons. That the defendant returned to the said automobile, *with said quantity of heroin in his possession and delivered the same to Garcia*. [Emphasis added.]

\* \* \* \* \* \*

V

That the said quantity of heroin was not in the original stamped package, so purchased and sold by the defendant or from its original stamped package as required by the provisions of Section 4704, Title 26 of the United States Code.

VI

That the defendant knowingly and unlawfully received, concealed, bought, sold and facilitated the concealment and transportation of said quantity of heroin and had the same in his possession in violation of Section 173, Title 21 of the United States Code. The defendant failed to explain such possession to the satisfaction of the trier of fact, and therefore it is found, based on statu-

tory presumption, that the defendant knew that said heroin was fraudulently and knowingly imported or brought into this country contrary to law.

* * * "  (Clk's Tr. 13)

These findings are supported by the record.

Affirmed.