433 F.2d 967
 UNITED STATES of America, Plaintiff-Appellee,
v.
Shelby Louis POLLACK, a/k/a Sheldon Louis Polakoff, Defendant-Appellant.
 No. 29466 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 26, 1970.
 
 Edward H. Kay, Varon & Stahl, Hollywood, Fla., for defendant-appellant.
 Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.
 Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Pollack was convicted on six counts of an indictment charging violation of 18 U.S.C.A. § 1341, which prohibits the use of the mails to execute a fraudulent scheme. We affirm the conviction.
 
 
 2
 The district court allowed the members of the jury to take notes during the trial. There is no assertion that this was error. Indeed, defense counsel agreed to this procedure. Appellant contends, firstly, that the court erred in failing to grant a mistrial after discovering that one juror had asked another during the trial about the number of witnesses who had appeared, the latter juror answering by referring to her notepad. Secondly, appellant asserts that the court erred in instructing the jury as to the use of the notes during their deliberations in that they were told that they could be used in any manner they saw fit. Both contentions are without merit.
 
 
 3
 In Harris v. United States, 9 Cir., 1958, 261 F.2d 792, the court held that permitting the jury to take notes during trial and to use such notes during deliberations were matters within the sound discretion of the trial judge. See also Toles v. United States, 9 Cir., 1962, 308 F.2d 590. Absent abuse of this discretion, the ruling of the lower court should not be disturbed. The inquiry from one juror to the other regarding the number of witnesses had nothing to do with the merits of the case. The instruction as to the use of the notes is taken out of context. The charge is perfectly clear that the verdict was to be rendered on the evidence as recollected by each juror. We find no abuse of discretion.
 
 
 4
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir. 1970, 431 F.2d 409