50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Nicholas A. JOHNSON, Defendant-Appellant.
 No. 94-30185.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 7, 1995.*
Decided March 13, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nicholas A. Johnson appeals the district court's denial of his motion to reduce or vacate his sentence. Johnson challenges the constitutionality of 18 U.S.C. Sec. 2113 (bank robbery and incidental crimes) and the district court's jurisdiction over his bank robbery offense. Treating Johnson's appeal as one from a denial of an action pursuant to 28 U.S.C. Sec. 2255, we conduct a de novo review. Gonzalez v. United States, 33 F.3d 1047, 1048 (9th Cir.1994). We affirm.
 
 A. Background
 
 3
 Johnson was convicted of bank robbery in violation of 18 U.S.C. Sec. 2113(a) following a guilty plea. Subsequent to his conviction, Johnson filed various motions in the district court, challenging the constitutionality of 18 U.S.C. Sec. 2113 and the district court's jurisdiction over his offense and requesting that his sentence be reduced or vacated.[1] On May 11, 1994, the district court denied Johnson's motions. On May 31, 1994, Johnson filed a notice of appeal. Construing Johnson's motion as one made under Fed.R.Crim.P. 35, we remanded the case to the district court for the limited purpose of determining whether excusable neglect existed for Johnson's late filing of the notice of appeal. The district court subsequently found that Johnson failed to show excusable neglect for his late filing. On October 6, 1994, we ordered the parties to brief the issue of whether or not Johnson had filed a timely notice of appeal under United States v. Johnson, 988 F.2d 941, 943 (9th Cir.1993).
 
 B. Appellate Jurisdiction
 
 4
 In Johnson, we liberally construed a pro se prisoner's challenge to his sentence made under Fed.R.Crim.P. 35 as a 28 U.S.C. Sec. 2255 motion and emphasized that a mislabeled motion "[was] not necessarily fatal to maintaining [the prisoner's] claims." Id. (quoting United States v. Young, 936 F.2d 1050, 1052 (9th Cir.1991) (per curiam)). Under 28 U.S.C. Sec. 2255, a federal prisoner may attack his sentence "upon the ground ... that the court was without jurisdiction to impose such sentence." 28 U.S.C. Sec. 2255 (1994); see also United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (where defendant seeks to attack the basis of his conviction, such as the district court's jurisdiction, the district court may properly construe the defendant's rule 35 motion as a motion under 28 U.S.C. Sec. 2255). A notice of appeal from a denial of a 28 U.S.C. Sec. 2255 motion must be filed within sixty days after the entry of such denial. See Fed.R.App.P. 4(a).
 
 
 5
 Since Johnson challenged the district court's jurisdiction over his bank robbery offense and sought to vacate his sentence, we construe his motion as one brought under 28 U.S.C. Sec. 2255. See 28 U.S.C. Sec. 2255; Johnson, 988 F.2d at 943; Mathews, 833 F.2d at 164. Because Johnson timely filed his notice of appeal, we have jurisdiction over this appeal. See Fed.R.App.P. 4(a).
 
 C. Subject Matter Jurisdiction
 
 6
 Johnson contends that the district court had no constitutional authority to criminalize bank robbery and the district court lacked subject matter jurisdiction over his offense. His contention lacks merit.
 
 
 7
 The district court has jurisdiction over a bank robbery offense if the institution robbed is insured by the Federal Deposit Insurance Corporation. See 18 U.S.C. Secs. 2113(f), 3231; see also United States v. Mohawk, 20 F.3d 1480, 1482 n. 1 (9th Cir.1994) ("[b]ecause the bank was a federally insured institution, the district court had jurisdiction under 18 U.S.C. Sec. 3231"). The federal jurisdiction over robbery offenses is not limited to those occurring on federal land. See 18 U.S.C. Secs. 2113, 3231. Further, the jurisdiction of the district court is constitutionally vested. See Toles v. United States, 308 F.2d 590, 594 (9th Cir.1962) (Congress did not invade powers exclusively reserved to states when it made bank robbery a federal crime), cert. denied, 375 U.S. 836 (1963). When a defendant pleads guilty, he admits the factual allegations in the indictment that form the predicate for federal jurisdiction. See United States v. Davis, 452 F.2d 577, 578 (9th Cir.1971) (per curiam).
 
 
 8
 The indictment alleged that Johnson robbed a bank insured by the Federal Deposit Insurance Corporation. Thus, the offense was subjected to the jurisdiction of the district court. See 18 U.S.C. Secs. 2113, 3231; Mohawk, 20 F.3d at 1482 n. 1.; see also Toles, 308 F.2d at 594. Since Johnson pled guilty to bank robbery and specifically agreed that the bank he robbed was federally insured, he admitted the federal jurisdiction over his offense. See Davis, 452 F.2d at 578.
 
 
 9
 Johnson appears to argue that federal courts only have jurisdiction over offenses committed on federal land. This argument is frivolous. See 18 U.S.C. Secs. 2113, 3231; see also United States v. Adams, 581 F.2d 193, 200 (9th Cir.) (federal jurisdiction over murders of postal employees is not limited to those occurring on federal land), cert denied, 439 U.S. 1006 (1978).
 
 
 10
 Therefore, the district court properly exercised jurisdiction over Johnson's robbery offense and denied Johnson's request that his sentence be vacated. See 18 U.S.C. Secs. 2213, 3231; see also 28 U.S.C. Sec. 2255.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Johnson's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Johnson filed certain motions under 18 U.S.C. Sec. 3582, which authorizes a district court to modify a sentence imposed under the Sentencing Guidelines if the sentencing range has subsequently been lowered by the Sentencing Commission. See 18 U.S.C. Sec. 3582 (1994)