Howard G. BIBLE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 17209.

United States Court of Appeals
Ninth Circuit.

Feb. 25, 1963.

Rehearing Denied May 6, 1963.

James R. Madison, San Francisco, Cal.,
for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief Criminal Section; and Elmer Enstrom, Jr., Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and TAYLOR, District Judge.

FRED M. TAYLOR, District Judge.

Appellant Howard G. Bible has appealed from a judgment convicting him of the illegal importation of narcotics in violation of Title 21 U.S.C. § 174.[1] He was charged as a principal in the commission of the offense under 18 U.S.C. § 2 (a).[2]

Appellant and Nehemiah Steele were jointly indicted; Steele, prior to the trial of appellant, entered a plea of guilty to the charge and testified on behalf of the United States at the trial of appellant.

As disclosed by the record the sequence of events which culminated in appellant's arrest and conviction began in Seattle, Washington, September 1, 1960, when appellant invited his brother-in-law, Nehemiah Steele, to go to Los Angeles for the Labor Day week end. Two friends, Matthews and "Frenchie", joined them. The four drove to Los Angeles in Bible's car. There "Frenchie" left the group; Bible, Steele and Matthews drove on to Tijuana, Mexico. It is revealed by the testimony of Steele that while in Tijuana appellant handed Steele a package of heroin, promising Steele $100 if he would walk across the border with it into the United States. The two were to meet later at a designated filling station. Bible and Matthews then left for the border by automobile. Steele approached the border on foot with a group of other pedestrians. A customs inspector noticed he appeared nervous, and detained him for disrobing and a personal search. This search disclosed the package of heroin that was admitted in evidence at the trial of appellant.

Appellant contends the trial court committed error by:

1. The admission of a package containing heroin into evidence as Plaintiff's Exhibit 1A, despite objection preserved by a timely motion to suppress under Rule 41(e) of the Federal Rules of Criminal Procedure.

2. Giving, albeit without objection, a cautionary instruction on accomplice testimony in which an accomplice was defined as "one who united with another person in the commission of crime," when the association of appellant with Nehemiah Steele was a fact in dispute.

3. The admission over objection of evidence of prior misconduct by appellant for the limited purpose of determining his intent, despite the insubstantial nature of such evidence and of any issue as to intent.

We shall consider the specifications seriatim.

 Appellant argues that Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), establishes his standing to challenge the reasonableness of the search of Steele. We do not deem it necessary to decide this question, for even if we assume that appellant had standing to make the motion to suppress, we think the motion was patently without merit. It must be borne in mind that Steele was crossing the border from Mexico into the United States when he was detained and searched. A similar question was presented to and decided by this court in Witt v. United States, 287 F.2d 389 at p. 391 (9th Cir., 1961), cer-

---

1. 21 U.S.C. § 174:
 "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States * * * contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more

than twenty years and, in addition, may be fined not more than $20,000. For a second or subsequent offense * * * the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000. * * *"

2. 18 U.S.C. § 2:
 "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal."

tiorari denied 366 U.S. 950, 81 S.Ct. 1904, 6 L.Ed.2d 1242, wherein it was said:

" * * * No question of whether there is probable cause for a search exists when the search is incidental to the crossing of an international border, for there is reason and probable cause to search every person entering the United States from a foreign country, by reason of such entry alone. * * * Mere suspicion has been held enough cause for a search at the border. * * * "

See also Denton v. United States, 310 F.2d 129 (9th Cir., 1962); Cervantes v. United States, 263 F.2d 800, 803, note 5 (9th Cir., 1959). Steele's demeanor, while crossing the border and before the search of his person, was sufficient to cause suspicion on the part of the inspector, and a border search under such circumstances, if for no other reason, is not unreasonable.

We do not agree that it was "plain error" for the trial court to instruct the jury in regard to the testimony of an accomplice. Appellant does not contend that the substance of the instruction is erroneous, but urges that it should not have been given at all because it precluded the jury from fairly considering that Steele alone committed the offense. Steele was the principal witness for the United States in regard to appellant's participation in the commission of the offense, and if the jury believed him—which it obviously did—he was an accomplice.

█ It is well settled that the testimony of an accomplice, if believed by a jury, is sufficient to support a conviction. Toles v. United States, 308 F.2d 590 (9th Cir., 1962).

██ Since, according to the testimony of Steele, he was an accomplice, it was proper and the better practice to give a cautionary instruction in regard to his testimony. It has been held error not to give such an instruction. Phelps v. United States, 252 F.2d 49 (5th Cir., 1958). A proper instruction was given.[3] Under the circumstances of this case it was beneficial and not prejudicial to the defendant for the court to give this instruction.

█ In addition, the trial court clearly instructed the jury that appellant should be acquitted if it believed his story.[4] Manifestly, it was for the jury to determine from the evidence whether appellant participated in bringing the narcotics across the border or whether Steele acted on his own.

█ Steele testified he had previously carried packets of drugs to Seattle or Los Angeles for the appellant, receiving $100 on each occasion. The trial court admit-

3. "An accomplice is one who unites with another person in the commission of a crime, voluntarily and with common intent. An accomplice does not become incompetent as a witness because of participation in the crime charged. On the contrary, the testimony of an accomplice alone, if believed by you, may be of sufficient weight to sustain a verdict of guilty, even though not corroborated or supported by other evidence. However, the jury should keep in mind that such testimony is to be received with caution and weighed with great care. You should not convict a defendant upon the unsupported testimony of an accomplice, unless you believe the unsupported testimony beyond a reasonable doubt."

4. "Now you come down to what is the issue in the case, and it is a relatively simple case. The issue is, do you believe Steele, plus the supporting matters that might assist you in that respect? Or, do you believe the defendant and the supporting matters that you might find in the evidence that would support his story? Who is telling the truth? It is just that simple.

"If you believe Bible that he knew nothing about Steele's activities and that Steele was off on a lark of his own and brought this across, if you believe Bible, then you have a duty to acquit him. On the other hand, if you are convinced, beyond a reasonable doubt, that Bible has not told the truth and that Steele has and that it was a prearranged plan by which Bible would again pick up Steele across on the American side of the border, than you have a duty to convict the defendant. It is just that simple. Whom do you believe in this case?"

ted this evidence, but limited the jury's consideration of it to

> " * * * determining the state of mind or intent with which the accused did the act charged."

When the testimony was permitted the court instructed the jury that it was to be considered only for this limited purpose.[5] Also, before submitting the cause to the jury for determination the court again instructed in regard to the limited purpose of the testimony.[6]

A parallel case arose in Medrano v. United States, 285 F.2d 23 (9th Cir.,

5. "Ladies and gentlemen, let's see if I can instruct you as to the limited purpose of this proof. Proof of prior offenses of a similar nature is admissible, either offenses that were committed without being detected or offenses for which a defendant was convicted, are admissible for a limited purpose. We don't have a 'bad boy' statute. You can't say, 'Well, he did this on previous occasions. Therefore, he must have done this on this occasion.' That is not permissible. You have to decide what happened on this occasion that the indictment refers to on the basis of the evidence here. But this proof of prior occurrences of a similar nature is admissible on the question of intent.

"In every case there must be, before you can convict a defendant, a union of, or joint operation of, act and intent. The law does not punish for felonies unless there is a wilful act and, the Court will instruct you later, a guilty mind, a sense of wrongdoing on the part of the defendant.

"So therefore the issue of a defendant's intent is always involved in a felony case. And on the issue of intent only, prior occurrences may be considered to help you in determining what was the intent of the defendant on the time named in the indictment.

"To use an example foreign to this case. Suppose a defendant had done a certain act and there was considerable doubt in your mind whether the act he did was done with criminal intent, with a guilty mind, or had been done inadvertently or accidentally. Proof that he had done a similar act which was an unlawful act on prior occasions might or might not assist you in determining what his intent was on the time in question.

"Have I made myself clear?

"On the other hand, you can't say, 'He committed some similar crimes in the past or similar offenses in the past, therefore he committed this one.' It isn't quite that simple. That is what we call a 'bad boy' statute. You can't convict a defendant because he was a bad boy in the past. If he is to be convicted, he must be proved guilty beyond a rea-

sonable doubt of the offense charged in the indictment. You may consider proof of prior offenses of a similar nature as bearing on the question of his intent or lack of intent at the time alleged in the indictment."

6. "The next instruction I want to give you concerns how you are to consider the testimony offered by the Government through Nehemiah Steele about the prior trips to Tijuana and the prior acts as testified by Steele of Steele's bringing heroin across and Bible's having transported him down and getting him on the other side, with the exception of one instance where Steele went clear back to Los Angeles or Seattle by bus with the heroin. I gave you a limiting instruction at that time. Here is the detailed instruction. If there is any doubt between what I said at that time and what I say now, you will follow this formal instruction. Evidence that an act was done at one time or on one occasion is no proof whatever that a similar act was done at another time or on another occasion. That is to say, evidence that a defendant may have committed an earlier act of like nature may not be considered in determining whether the accused committed any offense charged in the indictment. Nor may evidence of alleged earlier acts of like nature be considered for any purpose, unless the jury may first find that the other evidence in the case, standing alone, establishes, beyond reasonable doubt, that the accused did the particular acts charged in the indictment. If the jury should find, beyond a reasonable doubt, from other evidence in the case, that the accused did the acts charged in the particular count of the indictment, then the jury may consider evidence of an alleged earlier act of like nature in determining the state of mind or intent with which the accused did the act charged in the particular count. And where proof of an alleged act of like nature is established by evidence which is clear and conclusive, the jury may draw therefrom the inference that in doing the act charged in the indictment under consideration, the accused acted willfully and with specific intent and not because of mistake or inadvertence or other innocent reason."

1960), certiorari denied 366 U.S. 968, 81 S.Ct. 1931, 6 L.Ed.2d 1258, rehearing denied 368 U.S. 872, 82 S.Ct. 64, 7 L.Ed.2d 73. There the defendant was charged with unlawful sale of heroin, and the trial court admitted, for the purpose of showing intent, evidence of another narcotics transaction involving the same persons. This court said:

"Such evidence was introduced for the purpose of showing intent, design, knowledge or lack of innocent purpose. Evidence that a similar and related offense was committed tended to show a pattern of conduct that was relevant to the issue of intent. * * *" (pp. 25–26)

See also Enriquez v. United States, 188 F.2d 313 (9th Cir., 1951); Anthony v. United States, 256 F.2d 50 (9th Cir., 1958).

We conclude that the appellant had a fair trial and that there is no merit to his contentions.

The judgment is affirmed.