Robert Joseph **MARSHALL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 20041.

United States Court of Appeals
Ninth Circuit.

Nov. 3, 1965.

Certiorari Denied Jan. 24, 1966.
See 86 S.Ct. 618.

Merrill, Circuit Judge, dissented.

---

Raymond E. Sutton, Babcock & Sutton, Las Vegas, Nev., for appellant.

John W. Bonner, U. S. Atty., Michael DeFeo, Special Asst. to U. S. Atty., Las Vegas, Nev., for appellee.

Before BARNES, BASTIAN and MERRILL, Circuit Judges.

BASTIAN, Circuit Judge.

Appellant stands convicted of violating 18 U.S.C. § 2113(c).[1] His primary claim here is that the stolen Traveler's Checks, which were the basis of his conviction, were unconstitutionally seized and should have been suppressed.

The essential facts are that three days after the October 8, 1963 theft of $6,810.00 worth of American Express Traveler's Checks from the First Federal Savings and Loan Association of Phoenix, Arizona, appellant, who resided in an apartment complex in Las Vegas, Nevada, was placed under surveillance by the Federal Bureau of Investigation. Appellant's landlady, Mrs. Caldwell, was advised of this surveillance. On October 12, 1963, appellant deposited an unlocked briefcase with Mrs. Caldwell and left it in her dining room closet, instructing her not to give it to anyone else. It appears that appellant had, on several previous occasions, used Mrs. Caldwell's apartment as a place of storage. Mrs. Caldwell promptly called the Federal Bureau of Investigation and during the ensuing

telephone conversation she, at the request of an agent, opened the briefcase and informed the agent that it contained packaged Traveler's Checks. On October 14, two special agents went to Mrs. Caldwell's apartment and, after they verified that the aforementioned Traveler's Checks were the ones stolen from the Phoenix bank, she delivered the briefcase with its contents intact to the agents.

The validity of the search of the briefcase and the seizure of it and the stolen Traveler's Checks depends on the validity of the consent given by Mrs. Caldwell. At the outset it should be noted that this is not a case where a landlord has attempted to consent to a search of and seizure from premises rented to the appellant, as was the case in Chapman v. United States, 365 U.S. 610, 81 S.Ct. 776, 5 L.Ed.2d 828 (1961), nor is it a case of shared tenancy where one occupant attempts to consent to a search of the entire premises to the ultimate detriment of the other occupant. In the latter case, the courts are not unanimous and the cases usually turn on particularized facts. Compare Burge v. United States, 342 F.2d 408 (9th Cir. 1965) with Holzhey v. United States, 223 F.2d 823 (5th Cir. 1955).

■ Our case is a simpler one in which the appellant voluntarily delivered possession and control of his briefcase to his landlady for safekeeping only to find that she, obeying the dictates of her conscience rather than his instructions, turned the briefcase over to the Federal Bureau of Investigation. Under these circumstances, we find nothing unreasonable in the actions of the agents and we hold that the search and seizure was not unconstitutional. Sartain v. United States, 303 F.2d 859 (9th Cir. 1962) cannot, as argued by appellant, be distinguished from the instant case on the ground that here the briefcase was given

---

1. 18 U.S.C. § 2113(c) provides that: "Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association,

tion shall be subject to the punishment in violation of subsection (b) of this section provided by said subsection (b) for the taker." Subsection (b) deals with and makes a crime the actual theft.

up to the authorities after they had initiated contact with the person who possessed it, whereas in Sartain there had been no such contact. There is nothing in this record to support the suggested inference that Mrs. Caldwell was in any way coerced by the Federal Bureau of Investigation. Rather, we think it clear that she was merely acting as any responsible citizen should in her position. After all, Mrs. Caldwell had no reason to become involved in the crime by allowing her apartment and herself to be used as a hiding place for the stolen Traveler's Checks. Since she was aware that appellant was under investigation, she was certainly entitled to avoid compromising herself by contacting the agents when she did.

None of this, however, is meant to mean that a man's briefcase is never secure against unreasonable search and seizure, but when possession and control of his briefcase is given by a man to another person we think that man accepts the risk that the other person will consent to a search and seizure of it and, under the circumstances that exist in this case, such consent is valid. Essentially, this case would be no different if appellant had casually confessed his crime to Mrs. Caldwell and she had notified the agents and later testified against appellant at trial.

█ As to appellant's other specifications of error, we hold that Special Agent McVay's testimony regarding his October 4, 1963 conversation with appellant about stolen Traveler's Checks was properly admitted as *tending to show intent, design,* knowledge, and lack of innocent purpose. Whaley v. United States, 324 F.2d 356 (9th Cir. 1963), cert. denied 376 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609, rehearing denied 376 U.S. 966, 84 S.Ct. 1122, 11

L.Ed.2d 984; Bible v. United States, 314 F.2d 106 (9th Cir. 1960).

█ Finally, appellant's motion for judgment of acquittal was properly denied. The presumption of guilty knowledge arising from possession of recently stolen property [Rugendorf v. United States, 376 U.S. 528, 533, 84 S.Ct. 825, 11 L.Ed.2d 887 (1964)], was sufficient to allow denial of the motion when made.

Affirmed.

MERRILL, Circuit Judge (dissenting).

I dissent. I find here no consent by appellant to search or seizure.

There was no express consent. There was no express authorization to Mrs. Caldwell to give consent. If either is to be found it must be by implication through appellant's having placed the briefcase in Mrs. Caldwell's possession.

By doing so he may be said to have consented to the consequences of all risks attendant upon such a surrender of possession which were reasonably foreseeable. The majority opinion holds that since it was reasonable for Mrs. Caldwell to co-operate with the Federal authorities, such co-operation was to be expected and thus was foreseeable and, by implication, consented to.

I cannot accept the reasonableness of Mrs. Caldwell's actions as the proper test in this case. Her search was not self-motivated by curiosity. Her communication with the officers was not the result of personal suspicion, nor was their search and seizure undertaken in response to and in satisfaction of her suspicions. In all respects, she acted at the request of the officers, in response to their wishes and as their agent.[1] If it was not permissible for them to search or seize themselves, it was not permissible for them to have another person search for them and deliver up for their seizure

---

1. On the day before appellant entrusted his brief case to Mrs. Caldwell, Government agents had informed her that appellant's apartment was under surveillance. Immediately after appellant deposited his brief case with Mrs. Caldwell she telephoned the Federal agents. She

was directed to open the brief case. She reported that the brief case appeared to be locked. The agent told her to try to open the brief case again. Mrs. Caldwell obediently complied and this time was successful. She then reported the contents of the brief case to the agent.

simply because that person had the power to do so through possession. I do not regard as a foreseeable and thus consented-to risk the fact that Federal officers may improperly persuade the possessor to do for them (and not for herself) what they have no authority to do for themselves.

I would distinguish this case from Sartain v. United States, 303 F.2d 859 (9th Cir. 1962). In that case, unlike the present case, the search and ultimate seizure was not accomplished under Government direction and control. The independent action by the possessor in Sartain was one of the grounds on which we there distinguished Holzhey v. United States, 223 F.2d 823 (5th Cir. 1955). I would reverse on the authority of Holzhey.