**James Wesley FULLER, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 70–C–25–D.

United States District Court,
W. D. Virginia,
Danville Division.

July 2, 1970.

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by James Wesley Fuller, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on March 26, 1970.

Petitioner is currently serving a sentence of twenty-eight years in the Virginia State Penitentiary pursuant to a conviction of robbery in the Corporation Court of the City of Danville, imposed on May 26, 1966. The conviction resulted after a trial by jury in which petitioner, represented by court-appointed counsel, entered a plea of not guilty.

Petitioner filed several habeas corpus petitions in the state court. On September 5, 1968, he was given a hearing regarding these petitions. By order entered October 3, 1968, relief was denied on the petitions. On January 19, 1970, the Virginia Supreme Court of Appeals affirmed the judgment of the lower court. By presenting his claims to the highest court of the state, petitioner has exhausted his available state remedies on those claims in compliance with 28 U.S.C. § 2254. Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

First, petitioner asserts systematic exclusion of Negroes from the grand and petit juries.

The record discloses the following facts with regard to the selection of petit jurors. One of the two jury commissioners for the Corporation Court of Danville in 1966 testified. She states that by law they were required to prepare a list of five hundred qualified persons for jury service during the coming year. This list was prepared by she and the other jury commissioner from the list of qualified voters in the City of Danville. First, they picked those known to them to be qualified. They chose the remaining by random selection. She testified that they did not know the race of many who were chosen and no attempt was made to learn the race of any person. She further testified that no attempt was made to either include or exclude a specified number of any race.

With regard to the grand jury, it appears that from January, 1960, to the date of the trial, Negroes regularly

served on the grand juries of the Corporation Court of Danville. Petitioner alleges that from 1960 to the time of his trial, no more than one Negro has ever served on any one grand jury in the Corporation Court of Danville. While this allegation is not completely verified from the record, the court will accept it as true for the purpose of this petition.

 Petitioner has not shown systematic exclusion of Negroes from the grand or petit juries of the Corporation Court of Danville or made out a *prima facie* case concerning the same. Petitioner has the initial burden of proof in showing purposeful discrimination based on race. Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). The petitioner has failed to carry this burden with regard to both the grand and petit jury claims. With regard to the petit jury, petitioner has offered only evidence that establishes the fairness in the selection of the petit jury. The testimony of the jury commissioner does not reveal any selection procedure which discriminated against any race. While the evidence does show that no Negroes served on the jury that tried petitioner, this fact is not singly important. A defendant is not constitutionally entitled to a proportionate number of members of his race on the ground or petit juries which indict or try him. State of Virginia v. Rives, 100 U.S. 313, 25 L.Ed. 667 (1879). The evidence shows that approximately 25% of the population of the City of Danville is Negro, but the record does not show the percentage of Negroes who have served on the petit juries for any period preceding petitioner's trial.

 As to discrimination in the selection of the grand juries, petitioner relies exclusively on the fact that no more than one Negro has ever served on any one grand jury. This fact, standing alone, does not demonstrate purposeful discrimination and thereby establish a *prima facie* case of such discrimination. Neither Witcher v. Peyton, 405 F.2d 725 (4th Cir. 1969), nor Peyton v. Peyton,

303 F.Supp. 796 (W.D.Va.1969), so hold. In Virginia the selection of the grand juries is made by the trial judge. A finding that these judges are performing their duties in a discriminatory manner requires more facts than those presented here.

Secondly, petitioner asserts that his rights were violated by testimony at his trial that he refused to appear in a line-up. Petitioner upon being taken to appear in a line-up refused unless he was first allowed to confer with his lawyer. Petitioner was returned to his cell and no more was said about a line-up to him. The above incident was brought out by testimony at the trial.

██ A compulsory line-up violates no privilege against self-incrimination. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967). The court in United States v. Wade, *supra*, and in Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), found that in the identification process the accused has the right to counsel. In Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the court held that the *Wade* and *Gilbert* rule does not have retroactive application—it applies only to identifications conducted after June 12, 1967. In the present suit identification was attempted in March, 1966. Because petitioner could have been forced to appear in a line-up without the presence of his attorney, there was no constitutional violation by testimony of his refusal to appear in the line-up.

Next, petitioner alleges ineffective representation by counsel. He alleges that counsel did not spend adequate time on the case and that counsel failed to call witnesses whom petitioner requested.

 Petitioner alleges his counsel did not have adequate time to prepare for the trial because counsel, one week before petitioner's trial, represented a defendant in a murder trial. Counsel testified that he was prepared for peti-

tioner's trial. Petitioner's counsel did ask for a continuance because certain witnesses supplied at a late date could not be found. However, the difficulty emanates from petitioner's own lack of diligence. About two days before the trial petitioner informed his attorney that he had the names of two witnesses who would verify that petitioner was not at the scene of the crime; at this time he also furnished counsel with the name of the person who allegedly committed the crime. Petitioner alleges having tried to communicate these facts to his counsel earlier. After the plenary hearing, the state court held:

> I think it's also being somewhat obscure and devious for the defendant to say that, oh, I'm going to change my plea and my defense and my approach to my defense in this case a day or two before the trial and then say, well, counsel was * * * ineffective because he couldn't come up and produce this alternate defense for me adequately.

Implicit in this statement is the fact that the state judge did not believe petitioner had communicated or attempted to communicate this information to his counsel at an earlier date. Because the state court heard sufficient evidence, this court relies on its factual determination. Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). A defendant is not ineffectively represented by counsel, as here, who follows all leads with his best abilities within the time permitted. Peripherally, petitioner may not claim a violation of due process by the trial court's denial of a continuance. Counsel was appointed more than two months before the trial. The trial judge did not violate the requirements of due process by failure to grant a continuance to petitioner, who unjustifiably waited until a late date to inform counsel of witnesses.

█ Finally, petitioner alleges that he was deprived of a fair trial by the introduction of certain photographs and by the intimidation of one witness by the Commonwealth Attorney before the trial. While the witness may or may not have been intimidated before trial, she states that the testimony she gave at the trial was not thereby affected. Unless the alleged intimidation affected her testimony, petitioner's right to a fair trial has not been violated.

█ If the principal effect of photographs is to inflame the jurors against the defendant because of the horror of the crime, the court should not permit them to be introduced as evidence. However, where the probative value with respect to a fact in issue outweighs the dangers of prejudice to the defendant, the admissibility is within the trial judge's discretion. Rivers v. United States, 270 F.2d 435 (9th Cir. 1959). At petitioner's trial there was a question of whether the injuries of the victim could have been the result of an automobile accident. The photographs had definite value in showing the type of injuries sustained. The trial judge did not abuse his discretion.

For the foregoing reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.