**UNITED STATES of America, Appellee,**

v.

**Johnetta RANDALL, Appellant.**

**No. 71-3079.**

United States Court of Appeals, Ninth Circuit.

Jan. 28, 1974.

Rehearing Denied March 18, 1974.

---

4. *See* cases cited in *Noorlander, supra* at 489 F.2d at 642.

**1318**

Martha Goldin (argued) of Saltzman & Goldin, Hollywood, Cal., for appellant.

Jonathan David Rapore, Asst. U. S. Atty., (argued) Los Angeles, Cal., for appellee.

Before ELY and GOODWIN, Circuit Judges and ENRIGHT,* District Judge.

ENRIGHT, District Judge:

Johnetta Randall was found guilty, following a jury trial, on one count of a two count indictment charging violations of Title 26, U.S.C. Section 4705(a), transferring cocaine without obtaining from the transferee an order form issued for that purpose by the Secretary of the Treasury.

The trial court imposed a two year sentence but suspended its execution and placed defendant on probation for a period of three years.

The jurisdiction of this court to review the conviction is vested by 28 U.S. C. Sections 1291 and 1294, and Rules 3 and 4(b) of the Federal Rules of Appellate Procedure.

■ On this appeal the appellant's essential contention is that hearsay statements made by one Diana Edmond, a fugitive at the time of trial,[1] were admitted against the defendant, and thereby deprived her of a fair trial.

---

\* The Honorable William B. Enright, United States District Judge for the Southern District of California, sitting by designation.

1. The co-conspirator's hearsay admission rule is not to be confined to those who are co-defendants at the same trial. United States v. Williams, 435 F.2d 642, 645 (9th Cir. 1970). Neither must a conspiracy count be included within the indictment. *Id.* If this were not true, the logical tendency would be for the prosecution to be encouraged to seek conspiracy indictments in cases in which they have heretofore refrained or declined to do so.

On December 22, 1970, at approximately 7:00 p. m., an undercover agent accompanied by an informant proceeded to an apartment in Los Angeles to purchase cocaine. The only people at the apartment were Diana Edmond and Charles Randall, the defendant's ex-spouse, also a fugitive at time of trial. Upon her arrival, the agent was informed that the cocaine had not yet arrived. The agent left to confer with other surveillance officers and returned in twenty minutes' time. Upon her return, the agent observed Charles Randall next to the defendant with cocaine in his hand. The agent was introduced to the defendant and a short dialogue occurred between Charles Randall and the agent concerning the cocaine. Those two then went to the kitchen to complete the sale and to discuss future purchases. By the time they had returned to the dining room, the defendant had departed. The transfer of the cocaine then took place without the agent providing the required form. Testifying in her own behalf, the defendant stated that she had brought her daughter so that the youngster could see her father as well as to obtain some Christmas money. On the basis of this evidence, the jury acquitted Johnetta Randall of Count One.

On December 31, 1970, the agent again went to the same apartment to make another purchase of cocaine. The agent testified that Edmond announced that the transaction would be between the two of them. Edmond then made a telephone call, and shortly thereafter, a telephone call was received. Soon a car honk was heard; Edmond took the money given to her by the agent and went downstairs. The agent from the apartment window observed Edmond meet the defendant and converse; then the defendant handed Edmond a blue Christmas box. Randall drove off, and Edmond returned to the apartment. Edmond opened the box and gave the cocaine contained within it to the agent.

Eliminated from this court's recitation of the facts are two hearsay statements made by Edmond incriminating the defendant. First, in response to a question by the agent, Edmond answered that Randall was coming over, thereby implying that she, Randall, was the courier of the narcotics. Second, after reception of the second telephone call, Edmond stated to the agent that Randall had instructed her to bring the money down when she (Randall) would arrive, and she would then give Edmond the cocaine.

When the prosecutor first asked the agent to recite what had occurred between Edmond and herself, defense counsel lodged a vigorous hearsay objection. A conference at the bench ensued. During the conference, government counsel was willing first to establish defendant's participation in an effort to lay a foundation for the admission of the hearsay; however, for the convenience of the jury, he desired to introduce the events chronologically. The trial judge permitted him to proceed chronologically, cautioning him, though, that should the statements and foundation not be properly connected, he would entertain a motion for acquittal.

We are not unmindful of the difficult circumstances which place the defendant in a position where she finds herself defending against words she did not hear, at times unknown to her, spoken by a person unavailable for cross-examination whose relationship to her is at best maintained by legal fictions. On the instant facts, we must nevertheless conclude that there was sufficient evidence independent of the statements to permit the admissibility of the statements themselves.

In United States v. Griffin, 434 F.2d 978, 983–984 (9th Cir. 1970), cert. denied sub nom., Andrews v. United States, 402 U.S. 995, 91 S.Ct. 2170, 29 L.Ed.2d 160 (1971), this circuit relied upon United States v. Ragland, 375 F.2d 471, 476 (2d Cir. 1967). In *Ragland*, Judge Waterman wrote:

> [O]nce some conspiracy, agency, or concert of action is independently shown, hearsay statements made in furtherance of such relationship are

admissible. However, the independent evidence need not, as appellant suggests, be so clear and convincing as to *compel* [emphasis original], absent contradiction, a finding of the fact sought to be proved.

The threshold requirement for admissibility is satisfied by a showing of a *likelihood* [emphasis supplied] of an illicit association between the declarant and the defendant although it might later eventuate that the independent evidence so admitted proves to be insufficient to justify submitting to the jury the issue of defendant's alleged guilty involvement with declarant. If the issue is submitted to the jury it then becomes the function of the jury, not the trial judge, to determine whether the evidence was credible and was convincing beyond a reasonable doubt. In determining preliminary questions of fact relating to admissibility of the hearsay the trial judge has wide discretion, and need only be satisfied, if he accepts the independent evidence as credible, that that evidence is sufficient to support a finding of a joint undertaking.

Moreover, the independent evidence of illicit association may be totally circumstantial . . . . Nor is it necessary in this circuit that such independent evidence be inconsistent with all reasonable hypotheses of innocence, as appellant suggests, either to legitimate its admissibility, or to support a conviction. It is true that an association with an alleged conspirator, without more, is insufficient to establish the necessary foundation for the admissibility of the incriminating statements. The accused must "in some sort associate himself with the venture, * * * participate in it as in something that he wishes to bring about * * * [or] seek by his action to succeed." Such association may be shown [for example] by the defendant's driving the car transporting the illicit subject matter under circumstances indicating a possession thereof. Mere presence at the scene

of an offense when the accused is likely to be aware that an offense is to occur may be sufficient to base an inference of complicity when such presence either facilitates, or permits, the unlawful act. An otherwise innocent act of "relatively slight moment," may, when viewed in the context of surrounding circumstances, justify an inference of complicity, and the fact that the defendant maintained a silence throughout, while often relevant to his awareness and role in the transaction, does not conclusively negate his participation in it.

375 F.2d at 476–478 [Citations omitted].

██ Here appellant asserts that the finding of not guilty rendered by the jury as to the first count must negate any reliance placed by the trial judge on that transaction in allowing into evidence the inculpatory hearsay relating to the second transaction. We disagree. Not only does this assertion not comport with the final portion of the above passage, but as a practical matter it would be extremely difficult, if not impossible, for trial courts effectively to instruct juries, by attempting to delineate the precise evidence that would be admissible as to specific counts, and not as to others, in a multi-count indictment as in the instant case. We too are aware of the different standards to be used by the jury and court in discharging their respective responsibilities. If the evidence as to the defendant's participation in the first transaction had been clear and convincing, and yet short of proof beyond a reasonable doubt, then the duty of the jury would have been to acquit, while it would have been in the court's discretion to consider those very same facts in weighing the admissibility of the hearsay related to the later occurrence.

█ When this previous activity, at the same apartment involving not only similar contraband but also an incriminating conversation in the defendant's presence pertaining to the cocaine, is coupled with the later sequence of

events, i. e. the placing of the original telephone call, the almost immediate reception of a second call, the arrival soon thereafter of the defendant, the meeting between the declarant and defendant, and finally, the delivery of the contraband by the declarant to the agent, a sufficient basis to admit the hearsay is established.

We find the appellant's other contentions to be without merit.

The conviction is affirmed.

ELY, Circuit Judge (Dissenting):

I respectfully dissent. The appellant, charged with two counts of knowing and unlawful transfer of cocaine, was acquitted on the first count and convicted on the second count. The only evidence sufficient to sustain her conviction on the second count consisted of hearsay statements made by her alleged accomplice, Diana Jean Edmond, to a government agent. Those statements were offered at trial, not by Edmond, but by a government agent to whom the statements were made.

On appeal the appellant argues: (1) There was insufficient independent evidence of her participation as an agent or co-conspirator to justify admitting the statements as an exception to the hearsay rule; (2) the court gave no cautionary jury instruction regarding the testimony of an accomplice; and, (3) there was improper comment by the prosecutor which deprived the appellant of a fair trial.

The majority, in my view, has misapplied the law in deciding appellant's first contention. The rule in our Circuit, as recently stated in United States v. Spanos, 462 F.2d 1012, 1014 (9th Cir. 1972) requires that the independent evidence of conspiracy be sufficient to constitute a prima facie case. In other words, a case presenting sufficient uncontradicted evidence to support a judge's finding that a conspiracy existed and that the defendant was a participant. *Accord,* Carbo v. United States, 314 F.2d 718 (9th Cir. 1963). The standard set forth in *Spanos, supra,*

does not conflict with United States v. Ragland, 375 F.2d 471 (2d Cir. 1967) relied on by the majority. *Ragland,* which was cited in *Spanos, supra,* requires that there be independent evidence of conspiracy sufficient to support a finding of a joint undertaking. United States v. Ragland, *supra,* 375 F.2d at 476. The evidence must show that the accused has associated himself with the venture as a participant desirous of furthering its goals. United States v. Ragland, *supra,* citing United States v. Peoni, 100 F.2d 401, 403 (2d Cir. 1938). *Accord,* United States v. Spanos, *supra.*

The independent evidence of conspiracy in the instant case consisted merely of the appellant's presence at the scene of the first transaction, and her delivery of a Christmas present for her ex-husband to her alleged accomplice, Diana Jean Edmond, just prior to the second transaction. Before the appellant's arrival with the Christmas package, Edmond made a telephone call to an unknown person, and a few minutes later received a telephone call from an unknown person. It was shortly thereafter that the appellant arrived outside the apartment building and delivered the Christmas package to Edmond. Edmond was out of the agent's sight from the time she entered the building until she went into the apartment, opened a Christmas package, and delivered the cocaine inside to the agent. The independent evidence against the appellant, while it may give rise to a suspicion that she was involved, falls far short of establishing a prima facie case that she was acting in concert with Edmond or that she was a participant in a conspiracy to violate the narcotics laws. A prima facie case requires that there be evidence tending to show the existence of all the elements involved—i. e., substantial evidence that the accused knowingly associated himself with others in the commission of a particular crime. Ong Way Jong v. United States, 245 F.2d 392, 394, 396 (9th Cir. 1957); United States v. Spanos, 462 F.2d 1012, 1014 (9th Cir. 1972); Krulewitch v.

United States, 336 U.S. 440, 453, 69 S. Ct. 716, 93 L.Ed. 790 (1948). *See* Mayola v. United States, 71 F.2d 65 (9th Cir. 1934); United States v. Peoni, 100 F.2d 401 (2d Cir. 1938). *See also*, Levie, Hearsay and Conspiracy, 52 Mich.L. Rev. 1159, 1168 (1954).

The first evidence offered against the appellant consisted of her presence at the apartment wherein the first transaction occurred. *Ong Way Jong, supra,* holds that mere presence or association with other guilty parties is not enough to show concert of action or conspiracy to commit criminal acts. Furthermore, the appellant was acquitted of complicity in the first transaction, which involved Charles Randall and Diana Edmond. There is nothing to show that the second transaction was in any way connected with the first, as part of a common plan or scheme, and only Edmond was involved in the second transaction. The conspiracy which must be shown by independent evidence before hearsay statements of co-conspirators can be admitted against others must be a conspiracy to accomplish a particular objective. Here, wherein the prosecution was attempting to show the appellant's connection with the second transaction, her mere presence at the scene of a prior transaction, not shown to be connected with a second transaction, was not even relevant to establish her involvement in the second transaction.

The other evidence offered by the prosecution concerned the appellant's arrival outside the apartment building shortly after Edmond had placed a call to an unknown person and received a return call from another unknown person a few minutes later. There is no evidence that the telephone call was placed to and returned by defendant other than the hearsay statements themselves. Furthermore, there is no evidence that the box delivered by the appellant either contained narcotics at the time it was delivered to Edmond or that the box opened by Edmond in the apartment was the same box that the appellant had delivered. As previously emphasized, Edmond was out of sight of the agent from the time she entered the apartment building until she entered the apartment itself. Davis v. United States, 382 F.2d 221 (9th Cir. 1967); People v. Blackshear, 261 Cal.App.2d 65, 67 Cal.Rptr. 662 (1968); People v. Lawrence, 168 Cal.App.2d 510, 336 P.2d 189 (1959). The agent testified only to the description of the box which she saw the appellant hand to Edmond. There was no testimony describing the box which was opened in the apartment, nor was there testimony that the box in the apartment was similar to the one appellant gave Edmond. Disregarding hearsay statements by Edmond, the only evidence against the appellant was that she was in an apartment where narcotics were surreptitiously delivered to a government agent on one occasion, and that she delivered a Christmas present to Edmond shortly before Edmond delivered narcotics to a government agent on another, later occasion. This evidence does not make out a prima facie case of conspiracy or concerted action on the part of appellant to achieve a criminal objective, and the admission of the hearsay statements against her constituted prejudicial error of the most flagrant nature.

The appellant's second argument is that she should have been given the benefit of a cautionary instruction to the jury concerning the reliability of statements by alleged accomplices. Such an instruction would, of course, have been unnecessary had the court correctly refused to admit the hearsay statements in the first place. But assuming that the hearsay statements were properly admitted, this is the kind of case demanding that the court should present a cautionary jury instruction on its own motion. When the conviction of the accused rests on incriminating statements made by alleged accomplices who are unavailable at trial, there is a crying need for such an instruction. The out-of-court declarant in this case was a fugitive from justice. The hearsay statements were related to a jury by a gov-

ernment witness. The appellant was unable to confront and cross-examine her accuser, and without the hearsay testimony there would have been no evidence sufficient to convict. Such circumstances should require a court to give the cautionary instruction, regardless of whether or not it is requested by counsel. Our court has previously held that it is prejudicial error to fail to give such an instruction when requested,[1] and we have often noted that the giving of such an instruction is by far the better practice even if not requested.[2] In cases such as this, when the case against the accused rests primarily on the uncorroborated hearsay testimony of an unavailable witness, it is, I think, essential that the "better practice" should become the required practice.

I agree with my Brothers that the appellant's third contention is without merit, but for the reasons I have set forth, I would reverse.

---

1. United States v. Davis, 439 F.2d 1105 (9th Cir. 1971); Sabari v. United States, 333 F. 2d 1019 (9th Cir. 1964); Toles v. United States, 308 F.2d 590, 592 (9th Cir. 1962); Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465 (1909).

2. Bible v. United States, 314 F.2d 106, 108 (9th Cir. 1963); United States v. Davis, 439 F.2d 1105, 1106 (9th Cir. 1971).