**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Richard Ernest FRITTS, Defendant-Appellant.**

**No. 74–1331.**

United States Court of Appeals, Ninth Circuit.

Sept. 19, 1974.

Rehearing denied Nov. 15, 1974.

Certiorari Denied March 24, 1975.

See 95 S.Ct. 1428.

William R. McVay (argued), Los Angeles, Cal., for defendant-appellant.

James Mueller, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

## OPINION

Before ELY and WALLACE, Circuit Judges, and POWELL,* District Judge.

WALLACE, Circuit Judge:

Fritts was convicted of conspiracy to import marijuana, 21 U.S.C. § 963, importation of marijuana, 21 U.S.C. §§ 952 (a), 960(a)(1), and possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1). We affirm.

As regards the first claimed error, we do not believe the question of whether Fritts' attorney would be allowed to testify was properly before the trial court. If it were, there was no offer of proof made as to what he would testify. See United States v. Crowder, 464 F.2d 1284 (9th Cir. 1972), cert. denied, 411 U.S. 908, 93 S.Ct. 1537, 36 L.Ed. 2d 198 (1973); McCormick, Law of Evidence § 51, at 110 (2d ed. 1972). We decline to guess, as suggested by Fritts.

The trial judge stated before the jury that the prosecutor had intimidated the witness Palmer. While we decry such conduct, it does not require reversal of this conviction since the record does not disclose that Palmer's testimony was affected by the intimidation. *See* Fuller v. Cox, 315 F.Supp. 867, 870 (W.D.Va. 1970).

Finally, Fritts claims reversal is in order because the trial court failed to give, on its own motion, a cautionary instruction on accomplice testimony. We have already rejected the contention. United States v. Randall, 491 F.2d 1317 (9th Cir. 1974). The parallel argument that uncorroborated accomplice testimony cannot lead to a conviction has been similarly rejected. United States v. Castro, 476 F.2d 750 (9th Cir. 1973). Fritts' argument that the government's use of an accomplice witness after granting him immunity, early parole or other favors violates Fritts' due process rights is rejected.

Affirmed.

ELY, Circuit Judge (dissenting):

I respectfully dissent. I can recall no stronger case for a holding that the court's failure, acting *sua sponte,* to present a cautionary instruction in respect to the prosecuting testimony of the accomplices constituted reversible error. Concerning this, I have hitherto expressed my general views in United States v. Randall, 491 F.2d 1317, 1321–1323 (9th Cir. 1974) (dissenting opinion).

In the present case, one of the accomplices who testified for the prosecution had been granted immunity in exchange for his incriminating testimony against the appellant, given by the accomplice

---

* Honorable Charles L. Powell, United States District Judge, Eastern District of Washington, sitting by designation.

before the grand jury. For a prior offense, this accomplice had been in the custody of federal penal authorities, but he was freed in advance of the time of the appellant's trial.

The second accomplice who testified against the appellant was originally charged with the commission of three felonies in connection with the transaction involving the appellant. The prosecution dismissed two of these felony charges before this accomplice presented his testimony incriminating the appellant. Moreover, this prosecution witness had also been in federal custody because of a prior conviction and his application for parole had been rejected because of a pending criminal charge in a state court. But the state prosecution was apparently abandoned quite suddenly, whereupon this accomplice was released from federal custody on the same day that the first accomplice was released, only fourteen days before the occurrence of the appellant's trial. The Government's simultaneous releasing of these two felons on the same date would seem to be, of itself, remarkably coincidental.

The third accomplice offered by the prosecution was charged with three felonies arising from the transaction in which the appellant was alleged to have been involved. The Government dismissed all of the charges against this accomplice before he testified for the prosecution.

If the bare recitation of the above undeniable facts does not support my view that the trial judge should have instructed the jury that the testimony of the accomplices should be viewed with extreme caution, if not suspicion, then I doubt that elaborative argumentation could strengthen my foundation.[1]

I would reverse.

---

1. To me, the failure of Fritts' defense attorney to request the cautionary instruction is thoroughly inexplicable. Surely, this neglect cannot be attributed to any valid strategic decision. If I am correct, Fritts may possibly be able to establish, in post-conviction proceedings under 28 U.S.C. § 2255, that he did not receive the effective representation of competent counsel.

In justice to Fritts' appellate counsel, it should be noted that he did not represent Fritts at the trial level.